HON. T. L. NORVAL, CHIEF JUSTICE.
HON. J. J. SULLIVAN, } JUDGES.
HON. SILAS A. HOLCOMB, } JUDGES.

DEPARTMENT No. 1.
HON. WILLIAM G. HASTINGS,
HON. GEORGE A. DAY,
HON. JOHN S. KIRKPATRICK,

DEPARTMENT No. 2.
HON. SAMUEL H. SEDGWICK,
HON. WILLIS D. OLDHAM,     } COMMISSIONERS.
HON. ROSCOE POUND,

DEPARTMENT No. 3.
HON. EDWARD R. DUFFIE,
HON. JOHN H. AMES,
HON. I. L. ALBERT,

---

EUGENE MOORE, AUDITOR, V. OMAHA LIFE ASSOCIATION,
APPELLEE, IMPLEADED WITH F. W. KETTENBACH, AD-
MINISTRATOR, APPELLANT.

FILED SEPTEMBER 18, 1901. No. 9,442.

1. **Sufficient Conflicting Evidence.** A finding based upon sufficient
evidence, though conflicting, will not be reversed on review.

2. **Judgment Condition Precedent to Creditor's Bill.** Before one hav-
ing a general claim against another can maintain a creditor's
bill to enforce the same, he must first have reduced it to judg-
ment. *Fairbanks v. Welshans*, 55 Nebr., 362, followed.

36                              (497)

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Macfarland & Altschuler,* for appellant.

*Byron G. Burbank* and *W. S. Hamilton, contra.*

NORVAL, C. J.

William F. Kettenbach, in 1891, took out a policy of insurance upon his life in the Pythian Life Association of Omaha. Afterwards this association ceased to do business, and transferred its policies and business to the Omaha Life Association of Omaha, the latter assuming all liabilities of said Pythian Association. After this transfer and assumption of debt, and in 1893 or 1894, the Omaha Life Association of Omaha deposited with the plaintiff in this case, Eugene Moore, then auditor of public accounts of this state, a certificate of deposit in the sum of $5,000. Afterwards certain sewer bonds were substituted for the certificates of deposit. After this, in 1895, the Omaha Life Association of Omaha ceased to do business, and transferred all its assets to the Omaha Life Association of Minneapolis, Minnesota, which latter assumed the liabilities of the former association. A controversy having arisen as to the ownership of, and right to, these bonds, Moore commenced this suit for the purpose of having such ownership and right to possession determined, making the two Omaha life associations, and others, parties defendants, and setting forth facts sufficient to give the court jurisdiction to determine the question of ownership. Frank W. Kettenbach, administrator of said William F. Kettenbach, intervened in the action, and in his petition in intervention alleged, among other things, the issuance of said policy to said deceased Kettenbach, the deposit of the bonds and certificate of deposit, the death of the assured; that action had been begun in this state by the administrator upon said policy against the Omaha Life Association of Omaha,

in which the administrator recovered only a judgment for costs and premiums paid, but which judgment on review by this court was subsequently reversed; that said action was still pending and undetermined; that there was due said administrator from said Omaha Life Association of Omaha the sum of $5,000, with interest; that said association and also said Pythian Association were insolvent and without assets, and that said bonds are the only property out of which he can realize the amount due him; that said bonds were so deposited for the purpose of securing the holders of policies; that said fact was advertised by said association, and relied upon by Kettenbach when he took out said policy. The petitioner then prayed that he might be made a party defendant, that the other defendants be enjoined from demanding or taking steps to obtain possession of said bonds and securities, that said Moore be ordered and directed to keep said securities in his possession until said action on said policy is finally decided, and that on final determination thereof the auditor be directed to turn such assets over to the petitioner, or cause the same to be sold and the avails applied to the settlement of his judgment; and for general relief. The other pleadings need not be adverted to, other than to say that an issue was joined on the petition in intervention, and trial duly had. On trial it was stipulated that the above case of *Kettenbach v. Omaha Life Association of Omaha* was still pending in the supreme court of Nebraska; that the Kettenbach claim had not been reduced to judgment, and that the right to recover is based upon the policy of insurance before mentioned. The court below, on sufficient evidence, found that the bonds in controversy were the sole property of defendant, The Omaha Life Association of Minneapolis, Minnesota; that the cross-petitioner's claim is in no manner based upon said bonds, nor was any liability incurred on account thereof; that said cross-petitioner in no manner relied upon said bonds in making his contract with the Pythian Life Association, and there is no equity in said cross-petitioner's bill; that the same should be dismissed,

and the injunction theretofore granted dissolved. Judgment was rendered accordingly, from which Kettenbach appeals to this court.

The judgment must be affirmed. First, there was sufficient evidence of record to sustain the findings on which the judgment is based. That being true, the judgment can not be reversed upon the evidence. Further, the petition in intervention stated no cause for equitable relief. There was neither allegation, or attempt at proof, that at the time petition in intervention was filed, said intervener had recovered a judgment against said Omaha Life Association, except the allegation that one, evidently unsatisfactory to him, had been obtained, from which he prosecuted error to this court, and had succeeded in having the same reversed. The stipulation of the parties above quoted establishes the fact that at the time of trial no judgment had been obtained. Hence, said Kettenbach is in the position of one who has a claim against another, not reduced to judgment, attempting to enforce a creditor's bill. This court held in *Fairbanks v. Welshans,* 55 Nebr., 362, that a creditor's bill can not be maintained until a judgment shall have first been obtained, and numerous decisions of this court and others upholding and illustrating this doctrine are therein reviewed. For the reason that at the time the petition in intervention was filed the claim of Kettenbach had not been reduced to judgment, his petition was without equity. Hence, the lower court was right in dismissing it, and rendering judgment against the intervener. This being true, it is unnecessary to enter at large upon a discussion of other points argued, none of which, however, are, in the opinion of this court, well taken.

The judgment of the lower court is therefore

AFFIRMED.

SULLIVAN, J., absent, not voting.