HARRY I. MILLS, APPELLEE, V. WILLIAM C. HECKENDORN ET AL., APPELLANTS.

281 N. W. 49

FILED JULY 15, 1938. No. 30346.

*Waring & Waring,* for appellants.

*Sloans, Keenan & Corbitt, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

EBERLY, J.

This is a civil action. Harry I. Mills appears as plaintiff in the petition, and William C. Heckendorn, Royce W. Heckendorn, and wife, Viola Heckendorn, are named as defendants. The substance of the language of the petition is: "Comes now the plaintiff and for cause of action against the *defendants* alleges (Italics supplied) :"

Paragraph I, twenty-five years residence by plaintiff in Fillmore county; II, that *defendants,* and each of them, are nonresidents of Nebraska, and residents of Minidoka county, Idaho; III, IV, and V allege the making of an oral contract for board, care and lodging by and between the defendant William C. Heckendorn and the plaintiff; that plaintiff furnished board, care and lodging to William C. Heckendorn, as required by the terms of such contract; that the reasonable value thereof was $2,600, of which but $9.75 had been paid; "that there is a balance due plaintiff by defendant for said board and services of two thousand five hundred ninety and 25/100 ($2,590.25) dollars."

The last three mentioned paragraphs contain no reference whatever to the defendants Royce W. Heckendorn and wife,

Viola Heckendorn, except that defendant William C. Hecken-
dorn remained in plaintiff's home "until the fifteenth day
of July, 1936, when he left with his son, the defendant, the
said Royce W. Heckendorn, to make his home in Minidoka
county, state of Idaho," and "that said defendants are not
related to plaintiff or any member of his family."

Paragraphs VI and VII of plaintiff's petition are as
follows:

"VI. That the defendant, the said William C. Heckendorn,
widower, attempted to dispose of his property, the follow-
ing described real estate, to wit: The South West Quarter
(SW¼) of Section Four (4), township Seven (7) North,
Range Two (2), West of the Sixth Principal Meridian,
Fillmore county, Nebraska, by a certain warranty deed
dated the 14th day of May, A. D., 1928, to his son, Royce W.
Heckendorn. That said defendant, the said William C.
Heckendorn, sought to deliver said deed to said real estate
to the said Royce W. Heckendorn on the ninth day of July,
1936; and on said date said deed was filed for record in the
office of the county clerk of Fillmore county, Nebraska, and
recorded in book 34, page 330 of Deeds in said office. That,
although the consideration stated in said deed was 'one
dollar and love and affection and other considerations,' there
was no real consideration. That the said defendant, William
C. Heckendorn, conveyed said property to the said Royce W.
Heckendorn with the fraudulent intent to cheat and defraud
plaintiff, and to hinder and delay him in the collection of
his debt.

"VII. That the said Viola Heckendorn is the wife of the
said Royce W. Heckendorn. That the said William C.
Heckendorn is a widower."

In connection with this petition, it is to be noted that
the plaintiff, during the progress of the trial, interposed a
motion to make judgment in this action a judgment against
the real estate involved herein, and "against the interest
of Royce W. Heckendorn in this property."

In passing, it might be said that the verdict of the jury
against William C. Heckendorn only, for the sum of

$1,816.45, was returned on October 13, 1937; that on November 3, 1937, the plaintiff applied for and was by the district court granted permission to withdraw this motion, and the same was thereupon by plaintiff withdrawn. At the inception of this case an affidavit for service on nonresident defendants was filed by plaintiff, and thereafter service of summons was thereupon made on each of the defendants in the state of Idaho. An affidavit for an attachment was also filed against all defendants, on the sole ground that they were each nonresidents of the state of Nebraska, and a writ of attachment was thereupon issued and levied upon the southwest quarter of section 4, township 7, range 2, west of the 6th P. M.

The defendants William C. Heckendorn, Royce W. Heckendorn, and his wife, Viola Heckendorn, after unsuccessfully challenging the validity of this service of process, presented their written motions to strike paragraphs VI and VII of the petition, above set forth, which motions were by the trial court overruled. Thereafter general demurrers were filed to this petition of plaintiff by the defendants William C. Heckendorn and Royce W. Heckendorn, which were also by the court overruled. Thereafter separate answers were filed by defendant William C. Heckendorn and defendants Royce W. Heckendorn and his wife, Viola Heckendorn.

The challenge to the sufficiency of the petition was renewed by an objection to the taking of evidence at the commencement of plaintiff's case by defendants Royce W. Heckendorn and Viola Heckendorn, for the reason that the petition fails to state a cause of action, which objection was again renewed at the close of plaintiff's evidence by motion of these defendants to direct a verdict in their favor. Similar motions were tendered and by the court overruled at the close of all the evidence.

The jury returned a verdict in favor of the plaintiff and against the defendant William C. Heckendorn, only. Separate motions for new trial were thereupon filed by William C. Heckendorn, and by Royce W. Heckendorn and Viola

Heckendorn, which were by the district court denied. Each of the defendants separately appeals.

The petition, especially in connection with plaintiff's motion that the judgment which the jury find be sustained in that amount as an attachment against the interest of Royce W. Heckendorn in this property, with request that the court defer ruling on this motion until the verdict of the jury is returned, clearly answers the specifications of a petition in equity. Paragraphs VI and VII quoted herein, while appropriate and proper in a creditor's bill, constitute no proper element of an action at law. Considered as part of a law pleading, they are worse than mere immaterial allegations, because in their essentials they are surplusage and scandalous. Our Codes of Civil Procedure usually define the inherent qualities presented by paragraphs VI and VII of this petition as irrelevant and redundant matter. It follows that, if considered as a pleading stating a cause of action at law, the district court erred in overruling defendants' motions to strike. But, construing the pleading as an entirety, it is obvious that it must be regarded as a petition in equity.

In 1 C. J. S. 1152, sec. 54, it is stated:

"Generally, however, it may be said, that the essential character of the cause of action and the remedy or relief it seeks, as shown by the allegations of the complaint, determine whether a particular action is at law or in equity, unaffected by the conclusions of the pleader or by what the pleader calls it, or the prayer for relief, or the nature of the defense interposed, or new matter stated in the reply, or whether the action is statutory or otherwise."

In the instant case, the plaintiff in a law action could only have determined the amount due from William C. Heckendorn. The matter of the land transfer from the father to the son and determining the rights of the son and the son's wife was a matter wholly in equity, determinable by a creditor's suit. Where the two elements are combined by the pleader as here presented, it becomes clearly an equitable proceeding, in form a representative creditor's suit.

The case of *Fairbanks, Morse & Co. v. Welshans & Co.*, 55 Neb. 362, 75 N. W. 865, while differing as to facts, in principle approximates our present situation. Without detailing the facts in that case which would unduly extend this opinion, it may be said that Welshans & Company were indebted to Fairbanks, Morse & Company. The debtors made disposition of their copartnership property, which Fairbanks, Morse & Company challenged as fraudulent. Without first securing a judgment at law, they filed a petition against all concerned seeking to reach the property transferred. In that case, this court held: "The petition set out in the opinion, and *held* to be an ordinary creditor's bill and as such not to state a cause of action."

We are quite committed to the rule, viz.: "Before one having a general claim against another can maintain a creditor's bill to enforce the same, he must have reduced it to judgment." *Moore v. Omaha Life Ass'n,* 62 Neb. 497, 87 N. W. 321. See, also, *Ainsworth v. Roubal,* 74 Neb. 723, 105 N. W. 248. The facts of the instant case bring it squarely within the rule just quoted from the *Moore* case.

The controlling question was properly raised when the demurrers of defendants were filed. It was renewed when objections to the introduction of evidence were made. It was again presented by motions for the direction of verdict in favor of defendants. It was an error that appears not only in the pleading, but which the evidence confirms, that plaintiff's proceeding was a proceeding in equity, and that he had not, prior to its institution, had his claim reduced to judgment and had an execution issued and returned thereon. This was a prerequisite to the exercise of equitable jurisdiction in this case. We are also committed to the rule, viz.: "Whenever, on the trial of a creditor's action, it appears that the plaintiff has a remedy at law, the equitable proceedings should be dismissed." *Brumbaugh v. Jones,* 70 Neb. 786, 98 N. W. 54.

Even if this be considered as an action at law, the allegations in the petition as to the fraudulent nature of the transfer of land from the father to the son, the statements

of these as a part of the issues in the instructions of the court, the evidence admitted over objection in connection with the same, and the action of the trial court in overruling the motions of defendants to strike paragraphs VI and VII from the petition, were clearly erroneous and could not, under the circumstances of this case, fail to be prejudicial to such a degree as to require a reversal of the judgment.

It follows that, for the several errors enumerated, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony with this opinion.

REVERSED.