STATE OF NEBRASKA, APPELLEE, v. RICHARD LEE TAYLOR, APPELLANT.

227 N. W. 2d 26

Filed March 27, 1975. No. 39700.

Richard Lee Taylor, pro se.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before SPENCER, NEWTON, CLINTON, and BRODKEY, JJ., and WARREN, District Judge.

NEWTON, J.

This is a post conviction action. Defendant, on a plea

of guilty, was convicted of burglary. Pursuant to a plea bargain the State's attorney recommended probation. Sentence was deferred pending a presentence investigation. During this period the defendant committed another felony. The original plea bargain was withdrawn but another one entered into. The State agreed to drop charges on the most recent felony if defendant adhered to his plea of guilty to the burglary charge. This he did and he received a flat 10-year sentence. Defendant was represented by counsel on both occasions.

Defendant assigns as error the failure to grant an evidentiary hearing, denial of a direct appeal, failure to appoint counsel in this proceeding, failure to include the presentence report in the record on appeal, that the report was incomplete and biased, and excessiveness of the sentence. We affirm the judgment of the District Court.

Defendant's motion to vacate the judgment set out only two purported grounds, excessiveness of the sentence and an incomplete presentence-investigation report. It is evident that no grounds were presented to the District Court which would require an evidentiary hearing. It is well established that matters relating to sentences within statutory limits are not a basis for post conviction relief. See State v. Birdwell, 188 Neb. 116, 195 N. W. 2d 502. The complaint regarding the presentence report could only affect the sentence imposed and falls in the same category. Furthermore, it is not alleged that access to the report was denied to defendant. He could have availed himself of the opportunity to amplify it or submit additional evidence. See § 29-2261 (5), R. S. Supp., 1974.

Assignments of error on grounds available to the defendant in the District Court must first have been presented to the District Court. See, § 29-3001, R. S. Supp., 1974; State v. Clingerman, 180 Neb. 344, 142 N. W. 2d 765.

The denial of request for court-appointed counsel on

appeal of a post conviction proceeding is properly refused when the record and files show the defendant is not entitled to relief. See State v. Gero, 186 Neb. 379, 183 N. W. 2d 274.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.