HELEN O. RUSSELL, APPELLANT, V. FIRST YORK SAVINGS
COMPANY, A CORPORATION, ET AL., APPELLEES.

352 N.W.2d 871

Filed July 27, 1984.   No. 83-466.

Richard L. Spangler, Jr., of Woods, Aitken, Smith, Greer, Overcash & Spangler, for appellant.

Robert T. Grimit of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Helen O. Russell, plaintiff and a former shareholder of The York Investment Company, appeals the judgment of the district court for York County which sustained the defendants' demurrer. Russell requested a part of the assets of The York Investment Company upon dissolution. The district court held that Russell's action was barred by Neb. Rev. Stat. § 21-20,104 (Reissue 1983). We affirm.

A demurrer tests the substantive legal rights of the parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from the facts which are well pleaded. *Philp v. First Nat. Bank & Trust Co.,* 212 Neb. 791, 326 N.W.2d 48 (1982). In testing whether a petition states a cause of action, we must accept as true all facts well

pleaded, but we do not accept as true conclusions of law or of the pleader. *Harmon Care Centers v. Knight*, 215 Neb. 779, 340 N.W.2d 872 (1983). For the purpose of this appeal such facts and inferences will be deemed to be true.

On May 23, 1980, Helen O. Russell, a shareholder of The York Investment Company (York Investment), received written notice of a special meeting of shareholders of York Investment to be held on June 5. The stated purpose of the special meeting was "[t]o consider and take action for the adoption of a Plan for the Complete Liquidation of the corporation and for a distribution of all of the assets of the corporation in complete liquidation . . . ." On June 5 the shareholders of York Investment were the First York Savings Company, 462 shares; Helen O. Russell, 20 shares; and Ann LeMay, 1 share. The main asset of York Investment was a commercial building which formerly was occupied by the J. M. McDonald Company but is now occupied by the York State Bank and Trust Company.

On June 5, Dean Sack, one of the defendants, was an officer and director of York State Company, York State Bank and Trust Company (Bank), First York Savings Company, and York Investment. York State Company owned 100 percent of the stock of both First York Savings Company and the Bank. As a result of such stock owned, York State Company was a holding company for both First York Savings Company and the Bank. Since he was the majority shareholder in York State Company, Sack controlled York State Company, First York Savings Company, the Bank, and York Investment.

Russell did not attend the shareholders' special meeting. At the special shareholders' meeting on June 5, York State Company, controlled by Sack, unanimously voted to adopt a plan of liquidation of York Investment pursuant to I.R.C. § 334(b)(2) (1976), namely, York Investment would distribute all its assets, except those retained for corporate obligations, to the shareholders and complete the liquidation in the ratio of a shareholder's holdings to the total issued and outstanding stock of the corporation.

Shareholders present at the special meeting determined that the value of corporate stock in liquidation of the corporate assets was $282.23 for each of the 483 outstanding shares of York

Investment. A corporate resolution was adopted by York Investment, namely, the dissolved corporation's real estate would "be distributed and conveyed pursuant to a Plan of Liquidation, in lieu of cash, to First York Savings Company in liquidation of its stock interest . . . ." The resolution also provided that Russell would be paid $5,644.60 in cash for her shares in York Investment. On June 5 tender was made to Russell in accordance with the corporate resolution, but Russell refused the tender of $5,644.60. In her letter of June 23, 1980, Russell demanded her undivided percentage interest of 4.14 percent in the real estate owned by York Investment, that is, a percentage equal to her percentage interest of outstanding stock she owned in York Investment.

Russell does not object to the dissolution of York Investment. Russell's only objection is directed to the distribution of assets (real estate) of York Investment to First York Savings Company and the cash payment to minority shareholders of York Investment in lieu of their proportional interest in the assets of the dissolved corporation.

On June 23 York Investment conveyed its real estate by warranty deed to First York Savings Company. A statement of intent to dissolve York Investment was signed by Sack on August 25, 1980, and was filed with the Secretary of State of Nebraska on November 30.

On September 11 First York Savings Company conveyed the real estate formerly owned by York Investment to the present titleholder, the Bank. The Bank had common officers, directors, and shareholders with other defendants in this action and with York Investment. Also, the Bank knew about the Russell claims at the time the real estate was transferred to the Bank on September 11.

Articles of dissolution of York Investment were signed by its president, Sack, on October 28. The articles of dissolution were then filed in the office of the Secretary of State of Nebraska on November 4.

In her amended petition Russell claims that the transfer of York Investment's real estate to First York Savings Company and the subsequent conveyance to the Bank were appropriations of corporate opportunity belonging to the shareholders of

York Investment. Russell further claims that Sack owed a fiduciary duty to her as a mutual shareholder of York Investment and that there was a breach of Sack's fiduciary duty, causing a constructive trust to be imposed on the assets (real estate) of York Investment. Russell's share or part of the trust would then be 4.14 percent, that is, a percentage equal to her stock ownership in York Investment. Russell also claims there was a plan or scheme to deprive her of the full value of her proportional interest in the assets of York Investment and that the determination of value set by the majority shareholders of York Investment was self-dealing and not an arm's-length transaction.

Dissolution of York Investment was complete on November 5, 1980. Russell filed suit on December 2, 1982. The sole issue before this court is whether the district court was correct in sustaining defendants' demurrer on the basis of the special statute of limitations contained in § 21-20,104.

Section 21-20,104 provides that dissolution of a corporation "shall not take away or impair any remedy available to or against such corporation, its directors, officers, or shareholders, for any right or claim existing . . . prior to such dissolution if action . . . is commenced within two years after the date of such dissolution." Since the petition in this case was filed more than 2 years after the date of dissolution of York Investment and such situation appears on the face of the petition, Russell's petition is subject to a demurrer unless the petition contains proper allegations about an excuse tolling the operation and bar of the statute of limitations. See *S.I.D. No. 145 v. Nye*, 216 Neb. 354, 343 N.W.2d 753 (1984).

Proper pleading requires a petition to state in logical and legal form the facts which constitute the plaintiff's cause of action, define the issues to which the defendant must respond at trial, and inform the court of the real matter in dispute. See 71 C.J.S. *Pleading* § 1 (1951); cf., *B. C. Christopher & Co. v. Danker*, 196 Neb. 518, 244 N.W.2d 79 (1976); *Moore v. Puget Sound Plywood*, 214 Neb. 14, 332 N.W.2d 212 (1983). The character of the facts alleged, not necessarily the prayer for relief, determines the nature of the action. See, 71 C.J.S., *supra* § 92 b.; *Mills v. Heckendorn*, 135 Neb. 294, 281 N.W. 49 (1938).

The facts alleged in Russell's petition and amended petition clearly disclose that Russell was a shareholder of York Investment, that dissolution of York Investment occurred on November 5, 1980, and that Russell's petition was initially filed on December 2, 1982—more than 2 years after dissolution of York Investment. Absent her status as a shareholder of York Investment, Russell would have no cause of action against any of the defendants regarding the dissolved corporation. In addition, there is no dispute that Russell's cause of action arose before dissolution of York Investment, since the suit was directed to the distribution of the assets of the corporation upon dissolution and the cash payment to be made in lieu of a distributive share of the assets of the corporation. Such distribution took place before dissolution of York Investment on November 5, 1980.

Russell attempts to evade the plain wording of the 2-year statute of limitations (§ 21-20,104), which bars any remedy available to a shareholder for a claim existing before corporate dissolution, in her argument that (1) an action for declaratory judgment is not a remedy and (2) she is not asserting any right of the corporation, but only her individual rights as a shareholder.

We have no quarrel with Russell's contention that she is asserting her personal rights resulting from her status as a shareholder of York Investment, or with her contention that Sack is in a fiduciary relationship to her. Shareholders in a close corporation owe one another the same fiduciary duty as that owed by one partner to another in a partnership. *Donahue v. Rodd Electrotype Co. of New England, Inc.*, 367 Mass. 578, 328 N.E.2d 505 (1975). Furthermore, we have held that a shareholder of a close corporation may sue in his own name and such action is not derivative in nature.

> Although the general rule is that a shareholder suing on behalf of a corporation for wrongs done to it must first seek to persuade the officers and directors to bring the action, *Kowalski v. Nebraska-Iowa Packing Co.*, 160 Neb. 609, 71 N.W.2d 147 (1955), he is not required to make such an effort if it would have been unavailing. See *Fisher v. National Mtg. Loan Co.*, 132 Neb. 185, 271 N.W. 433 (1937), *modified in other respects* 133 Neb. 280,

274 N.W. 568 (so holding with respect to the need for a demand upon other shareholders).

*Anderson v. Clemens Mobile Homes*, 214 Neb. 283, 287, 333 N.W.2d 900, 904 (1983).

Nevertheless, we find that any right asserted by Russell in the present case is dependent solely upon and arises from Russell's status as a shareholder of York Investment. Asserting her right as a shareholder or her individual nonshareholder right is the same, when each such right is entirely dependent upon and existing solely as an outgrowth of Russell's status as a shareholder. Russell's claim must fail and is barred by the statute of limitations, unless we conclude that an action for declaratory judgment is not a remedy within § 21-20,104.

An action for declaratory judgment (Neb. Rev. Stat. §§ 25-21,149 et seq. (Reissue 1979)) determines the rights of the parties in a justiciable controversy and is binding on any further adjudication between the parties as to the rights so declared. This court has never had occasion to pass on the question of whether declaratory judgment is a remedy within the meaning of § 21-20,104. Black's Law Dictionary 368 (5th ed. 1979) defines a declaratory judgment in part as a "[s]tatutory . . . *remedy* for the determination of a justiciable controversy where the plaintiff is in doubt as to his legal rights." (Emphasis supplied.) Because Russell's claim and concomitant right to a remedy arose before dissolution of York Investment, that is, Russell's right arose from her status as a shareholder of the corporation, and because suit was not instituted within 2 years of the dissolution, Russell's causes of action, as alleged in her petition, are barred as a matter of law by the specific statute of limitations contained in § 21-20,104.

The judgment of the district court is affirmed.

AFFIRMED.