STATE OF NEBRASKA, APPELLEE, V. CHARLES CASPER, APPELLANT.
365 N.W.2d 451

Filed April 5, 1985.   No. 84-006.

Steven Lefler, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Charles Casper appeals the judgment of the district court for Douglas County denying Casper post conviction relief. We affirm.

On November 2, 1973, a jury found that Casper, while perpetrating a robbery, murdered one Joseph Armstrong. After his conviction Casper was sentenced to life imprisonment. Casper's conviction and sentence were affirmed by this court. See State v. Casper, 192 Neb. 120, 219 N.W.2d 226 (1974).

On June 18, 1982, and pursuant to Neb. Rev. Stat. § 29-3001

(Reissue 1979), Casper filed his verified motion to vacate the sentence imposed as a result of his 1973 conviction. In his motion filed in the district court, Casper alleged two grounds for post conviction relief, namely, (1) in Casper's trial for the Armstrong homicide, the district court failed to instruct the jury on lesser offenses of second degree murder and manslaughter and (2) the district court's admitting Casper's confession as evidence in the jury trial. After reviewing the files and records the district court found that an evidentiary hearing was not necessary and denied post conviction relief to Casper.

In his appeal from the district court's denial of post conviction relief, Casper, in an addition to the two grounds specified in his motion presented to the district court, assigns other grounds for appellate review: (1) admission of an opinion expressed by an expert witness concerning the cause of Armstrong's death, (2) admission of evidence concerning an autopsy performed on Armstrong, and (3) the jury should have been instructed that, as an alternative to conviction on the homicide charge, Casper could be found guilty of robbery only. Casper also contends that an evidentiary hearing should have been held on his motion for post conviction relief.

A proceeding pursuant to the Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1979), is civil in nature. In *Russell v. First York Sav. Co.*, 218 Neb. 112, 115, 352 N.W.2d 871, 874 (1984), we stated the purpose of proper pleading: "Proper pleading requires a petition to state in logical and legal form the facts which constitute the plaintiff's cause of action, define the issues to which the defendant must respond at trial, and inform the court of the real matter in dispute."

Casper's assignments of error regarding admission of evidence concerning the cause of Armstrong's death, the Armstrong autopsy, and jury instruction on robbery were not presented to the district court as grounds for post conviction relief. We will not consider a question, as an assignment of error, not presented to the district court for disposition through a defendant's motion for post conviction relief. See § 29-3001. See, also, *State v. Taylor*, 193 Neb. 388, 227 N.W.2d 26 (1975).

Regarding Casper's two allegations contained in his motion filed in the district court, we can only repeat what we have

frequently and previously stated:

> "A motion for post conviction relief can not be used as a substitute for an appeal or to secure a further review of issues already litigated." [Citation omitted.] Additionally, a defendant in a post conviction proceeding may not raise questions which could have been raised on direct appeal unless the questions are such that they would make the judgment of conviction void or voidable under the state or federal Constitution. [Citation omitted.] One seeking post conviction relief has the burden of establishing the basis for such relief, and the findings of the district court will not be disturbed on appeal unless they are clearly erroneous. [Citations omitted.] The reasons for such rules are obvious. As we noted in *State v. Weiland*, 190 Neb. 111, 113, 206 N.W.2d 336, 338 (1973): "There must be an end to litigation. A defendant will not be permitted to rephrase issues previously raised or raise new issues which could have been previously raised for the purpose of securing another review on appeal."

*State v. Hochstein*, 216 Neb. 515, 517, 344 N.W.2d 469, 472 (1984).

The grounds stated in Casper's motion for post conviction relief were matters which could have been raised in Casper's direct appeal of his conviction and sentence. An evidentiary hearing was not necessary under the circumstances. The district court was correct in denying post conviction relief for Casper.

AFFIRMED.