STATE OF NEBRASKA, APPELLEE, V. WILLIAM R. BOYER, APPELLANT.

369 N.W.2d 644

Filed June 28, 1985.   No. 84-946.

William R. Boyer, pro se.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, William R. Boyer, appeals from the denial of relief sought under the Nebraska Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). He asserts as errors the trial court's failure to find (1) that the evidence does not support a finding of guilt for first degree murder and (2) that the sentence is excessive. We affirm.

Following a jury trial, Boyer was adjudged guilty of the first degree murder of his mother under the circumstances set forth in *State v. Boyer*, 211 Neb. 139, 318 N.W.2d 60 (1982), and was sentenced to imprisonment for life. This court affirmed the

judgment and sentence of the trial court. He has since filed two motions for post conviction relief, both of which were dismissed by the district court and both of which constitute the subject of this appeal. Boyer argues the evidence establishes he was guilty only of manslaughter, not first degree murder, and that his sentence is excessive for the crime he committed.

One of the errors assigned in his direct appeal was that the evidence was insufficient to allow submission of the question of guilt to the jury. We held the evidence was such that the jury "could conclude the defendant was lying in wait and therefore planned to kill his mother," and was sufficient to support the conviction. *Id*. at 148, 318 N.W.2d at 65. Consequently, Boyer is forever barred from presenting an encore performance of the song that the evidence does not support a finding that he committed murder in the first degree.

As has been stated before, " '[t]here must be an end to litigation. A defendant will not be permitted to rephrase issues previously raised . . . for the purpose of securing another review on appeal.' " *State v. Casper*, 219 Neb. 641, 643, 365 N.W.2d 451, 453 (1985), quoting *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984). See, also, *State v. Brown, ante* p. 305, 369 N.W.2d 639 (1985).

Since imprisonment for life is the minimum penalty for first degree murder, Neb. Rev. Stat. §§ 28-105 and 28-303 (Reissue 1979), the foregoing disposition of Boyer's first assignment of error determines as well that his second assignment of error is without merit.

Each of the judgments of the district court is affirmed.

AFFIRMED.