William Robert BOYER, Petitioner,

v.

John DAUM, Respondent.

No. CV 85–L–620.

United States District Court,
D. Nebraska.

Jan. 27, 1987.

Steven E. Guenzel, Lincoln, Neb. (Court-appointed), for petitioner.

Robert S. Spire, Atty. Gen., and Sharon Lindgren, Asst. Atty. Gen., Lincoln, Neb., for respondent.

## MEMORANDUM

LAY, Circuit Judge, Sitting by Special Designation.

Donna Boyer was shot and killed at her home in Fremont, Nebraska, on July 15, 1980. A few hours after the shooting, the victim's son William turned himself in to Fremont police. After waiving his *Miranda* rights, Boyer confessed to shooting his mother. While in custody, Boyer also consented to a search of his car, where police found the gun used in the shooting. The State of Nebraska tried Boyer for first degree murder. Boyer did not take the stand or produce any witnesses. A jury found Boyer guilty of first degree murder, and the court sentenced him to life imprisonment. On appeal, the Nebraska Supreme Court affirmed Boyer's conviction. *State v. Boyer*, 211 Neb. 139, 318 N.W.2d 60 (1982).

Boyer subsequently filed a motion for post conviction relief pursuant to Neb.Rev.

Stat. §§ 29–3001 to –3004 (Reissue 1985), claiming that he was denied effective assistance of counsel at trial due to counsel's failure to pursue a self-defense theory and failure to rebut with psychiatric testimony the element of premeditation. Boyer was afforded an evidentiary hearing and was represented by appointed counsel. The state district court denied the motion. Boyer subsequently filed pro se a second motion expanding the bases of relief to include claims of insufficient evidence of first degree murder and an excessive sentence. The district court determined that Boyer's second motion raised no constitutional issues and raised no issues that could not have been raised either on direct appeal or in the first post conviction proceeding. Accordingly, the court again denied the motion. Boyer appealed to the Nebraska Supreme Court, which affirmed the district court. *State v. Boyer*, 220 Neb. 312, 369 N.W.2d 644 (1985).[1]

In his federal petition, Boyer raises a number of constitutional claims, including: (1) the evidence was insufficient to support the verdict of first degree murder; (2) his right to a trial by impartial jury was violated because the jury was not sequestered; (3) his right to effective assistance of counsel was violated due to counsel's failure to pursue certain defenses; (4) his right against self-incrimination was violated because he confessed while under the influence of drugs and because he had a history of mental disorders; and (5) his right to be secure against unreasonable searches and seizures was violated because he was incompetent when he consented to a search of his vehicle.

## Discussion

The State argues that under the dictates of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1981), the petition should be dismissed because it contains both exhausted and unexhausted claims. *Dukes v. Lockhart*, 769 F.2d 504, 506 (8th Cir.1985). Boyer responds that he has exhausted state remedies because Nebraska

---

1. The Nebraska Supreme Court addressed the subject matters of both post conviction petitions in one appeal.

procedural rules bar post conviction review of issues raised on appeal and bar multiple post conviction petitions. *See State v. Rust,* 223 Neb. 150, 388 N.W.2d 483, 489 (1986) (following a judicial determination of post conviction claim, subsequent motions are properly dismissed except when motion shows on its face the prior unavailability of basis of relief); *State v. Pope,* 218 Neb. 361, 355 N.W.2d 216, 217 (1984) (post conviction petition may not be used as substitute for appeal, nor may issues determined on appeal be relitigated in post conviction proceeding).

■ Assuming that Boyer has failed to provide the state court the opportunity to review some of his constitutional claims, it is nonetheless clear that under Nebraska's current procedures, it would be futile to require him to attempt further state review. In a proper case, futility is an appropriate defense to a claim of failure to exhaust state remedies. *Piercy v. Black,* 801 F.2d 1075, 1078 (8th Cir.1986). This court holds that Boyer has exhausted his state remedies so as to confer jurisdiction over his federal claims.

## Sufficiency of the Evidence

Boyer first contends that his fifth amendment right to due process of law was violated because there was insufficient evidence to sustain a verdict of first degree murder. On direct appeal, the Nebraska Supreme Court concluded that there was sufficient evidence by which a jury could find that Boyer planned to murder his mother. Boyer and his parents quarreled frequently, and he had previously threatened his father with a gun. Boyer stated in his confession that on the morning of the murder, he had returned home after a night locked out of the house. His parents were at work, and Boyer had to break a window to gain entry because his parents had taken his keys and changed the locks. At about the same time, Boyer's mother returned home from work. Despite his mother's order to stay out of the house, Boyer went to his bedroom, closed and locked the door, and loaded a single-shot shotgun. His mother came to the door and

demanded that Boyer open it. Boyer put the loaded gun under the bed and opened the door. He and his mother exchanged words, and then Boyer "just picked the gun up * * * she was standing there asking me what I was going to do with it and I fired it."

■ The court's review of this issue is governed by the standards set out in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979):

> After [*In re*] *Winship* [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368] the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law.

*Id.* at 318–19, 99 S.Ct. at 2788–89 (citations and footnotes omitted) (emphasis in original). *See also United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 477, 83 L.Ed.2d 461 (1984) (inquiry on review is whether evidence adduced could support any rational determination of guilt beyond a reason-

able doubt). Further, a judgment by a state appellate court rejecting a challenge to evidentiary sufficiency is entitled to deference by the federal courts, as is any judgment affirming a criminal conviction. *Jackson v. Virginia*, 443 U.S. at 323, 99 S.Ct. at 2791. The record contains ample evidence by which a jury could properly conclude that Boyer acted "purposely and with deliberate and premeditated malice." Neb.Rev.Stat. § 28–303 (Reissue 1979).

### Confession

■ Boyer next contends that his confession should have been suppressed. After Boyer turned himself in, he was arrested and read his *Miranda* rights. He waived his rights and confessed. Boyer now argues that because these acts occurred while he was allegedly under the influence of drugs and because of his history of mental instability, his waiver of *Miranda* rights and subsequent confession were involuntary. Following a suppression hearing, the state district court denied Boyer's motion to suppress. On appeal, the Nebraska Supreme Court affirmed the district court's finding that Boyer's confession was freely and voluntarily given.

The United States Supreme Court has held that a person under the influence of drugs may be unable voluntarily and knowingly to make a valid confession. *See, e.g., Mincey v. Arizona*, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978) (defendant subjected to four-hour interrogation while incapacitated and sedated in intensive care). In *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), a police doctor gave the defendant a drug with truth serum properties. The Court found the subsequent confession involuntary:

> Numerous decisions of this Court have established the standards governing the admissibility of confessions into evidence. If an individual's "will was overborne" or, if his confession was not "the product of a rational intellect and a free will," his confession is inadmissible because coerced. These standards are applicable whether a confession is the product of physical intimidation or psychological pressure and, of course, are equally applicable to a drug-induced statement. It is difficult to imagine a situation in which a confession would be less the product of a free intellect, less voluntary, than when brought about by a drug having the effect of a "truth serum." It is not significant that the drug may have been administered and the questions asked by persons unfamiliar with hyoscine's properties as a "truth serum," if these properties exist. Any questioning by police officers which *in fact* produces a confession which is not the product of a free intellect renders that confession inadmissible.

*Id.* at 307–08, 83 S.Ct. at 754 (footnotes omitted) (emphasis in original).

These cases are distinguishable from the facts of this case for two reasons. First, the drugs in *Mincey* and *Townsend* were administered either by police or by hospital personnel, and there was no doubt that the defendants were under the influence of drugs. Here, however, Boyer alleges that he was under the influence of self-ingested amphetamines, even though in his confession he denied having taken drugs for several months.

Second, both *Mincey* and *Townsend* involved police coercion. In this case, there is no allegation or evidence that the police coerced, threatened, or intimidated Boyer. The Supreme Court recently has held that neither a *Miranda* waiver nor a confession by a mentally deficient defendant can be constitutionally involuntary unless it is somehow connected with police coercion. *Colorado v. Connelly*, —— U.S. ——, 107 S.Ct. 515, 521, 93 L.Ed.2d 473 (1986). On his own volition, Boyer went to the police station and confessed. Any mental deficiencies he may suffer, however caused, simply are not the proper subject of constitutional analysis because, absent police coercion, Boyer's due process rights have not been implicated.[2]

---

2. Because the question of witness competency is nonconstitutional, state laws of evidence are applicable. *See* Fed.R.Evid. Rule 601. Any substantive analysis of state law is beyond the court's jurisdiction in federal habeas review.

### Ineffective Assistance of Counsel

Boyer next urges ineffective assistance of counsel at trial and on appeal. Boyer contends that his counsel was constitutionally deficient in failing to present a self-defense theory and in failing to call witnesses to support the theory that Boyer lacked the mental capacity to form the requisite intent and premeditation.

■ To justify or excuse a killing in self-defense in Nebraska, the defendant must have reasonably believed that his life was in imminent danger or that there was imminent danger of great bodily harm. Neb. Rev.Stat. § 28–1409 (Reissue 1979); *State v. Kuntzelman*, 215 Neb. 115, 337 N.W.2d 414, 417–18 (1983). At the post conviction hearing, Boyer testified that his mother had verbally threatened him on previous occasions and once had poked his wrist with a steak knife. Boyer stated, however, that on the day of the murder, his mother did not physically threaten him. Boyer interpreted his mother's command to leave the house and not return as a "threat to my safety and life because I didn't have any necessary things to survive with and I didn't really know what else there was that I could do."

Whatever threat Boyer perceived in his mother's words and actions, it does not rise to the self-defense standards of § 28–1409. Neither would the testimony of witnesses Boyer said he would call support a self-defense theory. These witnesses would testify to a number of previous arguments between Boyer and his parents. They would also verify that Boyer's mother had verbally and physically threatened him in the past. None could testify to events immediately preceding the shooting. Boyer himself testified that his mother had not threatened or harmed him on the day of the shooting. The evidence is insufficient to raise a jury question of self-defense. *See State v. Duis*, 207 Neb. 851, 301 N.W.2d 587, 589–90 (1981).

■ Boyer also claims that his counsel was ineffective because he failed to present psychiatric evidence that would have established Boyer's lack of capacity to form intent and premeditation. Had counsel presented such evidence, Boyer urges, the jury likely would have convicted him of second degree murder or manslaughter, as it was instructed it could do.

It is not enough in Nebraska for a defendant to show mental incapacity as a defense or to establish lack of responsibility for a crime. It is only when the defendant is unable to understand the nature and quality of his act or unable to distinguish between right and wrong with respect to it that he cannot be held responsible. *State v. Jacobs*, 190 Neb. 4, 205 N.W.2d 662, 665 (1973). In this case, both a psychiatrist and a psychologist who examined Boyer testified that they believed Boyer was sane but that because of his personality disorder, he could not be considered as culpable as another who commits the same crime. A third doctor, Dr. Stan Moore, testified that Boyer knew what he was doing and that when he aimed and fired the gun, he knew the act would likely result in his mother's death. Furthermore, according to Dr. Moore, Boyer was not motivated by delusion, hallucination, or thought disorder to shoot his mother.

Boyer's trial counsel did not delve into psychiatric testimony for several reasons. First, there were conflicting diagnoses in the record as to Boyer's condition. Second, even if everyone agreed as to the nature of Boyer's mental state, there was still no evidence that his mental incapacity prevented him from understanding the implications of his act. Indeed, immediately after the shooting, Boyer telephoned the 911 emergency operator and requested an ambulance for his mother, stating that she had fallen. He also drove around Fremont for several hours after the shooting contemplating turning himself in to authorities. Third, Dr. Moore, who testified on Boyer's behalf at the suppression hearing, would have testified at trial that Boyer knew what he was doing when he shot his mother and could distinguish right from wrong to the extent that he knew he would be held responsible.

To establish ineffective assistance of counsel, Boyer must show that his counsel's performance was deficient and that he

was prejudiced by that deficiency. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, it is clear that the psychiatric testimony did not measure up to Nebraska law concerning mental incapacity. Counsel's decision to forego a self-defense theory was also grounded in the realities of Nebraska law.[3] After investigating the crime and interviewing a number of the witnesses, Boyer's counsel determined that they could not help establish the threat of imminent harm required by Nebraska law. This court concludes that Boyer was not denied effective assistance of counsel at trial or on appeal.

**Illegal Search and Jury Sequestration**

Boyer argues finally that the trial court improperly failed to sequester the jury and that the search of his car was illegal due to his inability, given his mental condition, knowingly and voluntarily to consent to the search. Neither of these issues was before the state court on appeal or in either state post conviction petition.

In *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the Supreme Court held that a state prisoner who has failed to comply with state procedural rules must show cause for the default and prejudice attributable thereto to obtain federal habeas review of the defaulted constitutional claims. Recently, in *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2644–50, 91 L.Ed.2d 397 (1986), the Supreme Court held that a state prisoner does not show cause for a procedural default by establishing that competent counsel's failure to raise a substantive claim of error was inadvertent rather than deliberate. Furthermore, the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Engle v. Isaac*, 456 U.S. 107, 133–34, 102 S.Ct. 1558, 1574–75, 71 L.Ed.2d 783 (1984); *see also Reed v. Ross*, 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984) (if factual or legal basis of constitutional claim not

reasonably available to counsel, prisoner may establish cause). Cause for procedural default ordinarily turns on whether the defendant can show some objective factor external to the defense that impeded counsel's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 106 S.Ct. at 2646. So long as the defendant is represented by counsel whose performance is not constitutionally infirm under the standards of *Strickland v. Washington*, there is no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

This court has already found Boyer's counsel competent under *Strickland v. Washington*. Boyer has failed to show cause for procedural default because he has produced no evidence of external, objective impediments to counsel's complying with procedural rules. He also has not claimed or shown that the evidence would establish his actual innocence. *Murray v. Carrier*, 106 S.Ct. at 2649–50. Accordingly, Boyer's petition for habeas corpus relief is dismissed as to the jury sequestration and the consent to search issues and is denied as to the remaining issues.

---

**3.** Perhaps recognizing the futility of Boyer's position, counsel recommended that Boyer plead guilty to second degree murder. Boyer refused.