STATE OF NEBRASKA, APPELLEE, V. HAROLD LAMONT OTEY, APPELLANT.

321 N.W.2d 453

Filed July 2, 1982. No. 81-768.

Michael L. Schleich, of Morsman, Fike, Davis & Schleich, P.C., for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

The defendant, Harold Lamont Otey, appeals from the order of the District Court denying his motion for post conviction relief.

In 1978 the defendant was convicted of first degree murder in the perpetration of a sexual assault and sentenced to death. The judgment was affirmed by this court in *State v. Otey,* 205 Neb. 90, 287 N.W.2d 36 (1979).

On September 23, 1980, he filed a motion in the District Court for post conviction relief. An evidentiary hearing was held on June 29, 1981. The defendant was not present at this hearing but his testimony was received by deposition. The motion was denied on September 24, 1981.

The defendant contends it was error for the trial court to refuse to permit the defendant to attend the hearing, and that the record shows he was denied the effective assistance of counsel at the original trial.

It is well established that one seeking post conviction relief has the burden of establishing the basis for such relief, and the findings of the District Court in denying relief will not be disturbed on appeal unless they are clearly erroneous. *State v. Paulson,* 211 Neb. 711, 320 N.W.2d 115 (1982).

Neb. Rev. Stat. § 29-3001 (Reissue 1979) provides that a motion for post conviction relief may be heard "without requiring the production of the prisoner." In *State v. Woods,* 180 Neb. 282, 142 N.W.2d 339 (1966), we held that although a prisoner could not be

prevented from testifying in support of his motion, he had no right to be personally present at an evidentiary hearing on the motion. See, also, *State v. Wells,* 197 Neb. 584, 249 N.W.2d 904 (1977), and *Davis v. State,* 51 Neb. 301, 70 N.W. 984 (1897), relating to the right to be present at the hearing on a motion for a new trial.

We conclude it was not error for the trial court to require that the defendant's testimony be presented by deposition.

The defendant alleges he was deprived of the effective assistance of counsel because his trial counsel failed to adequately prepare for trial; failed to request that all stages of the proceeding be recorded and transcribed; advised the jury that the defendant would testify in his own behalf when in fact that decision had not been made or discussed with the defendant; and failed to object to the introduction of photographs offered by the State.

The defendant had the burden to show that his trial counsel did not perform at least as well as one with ordinary criminal law skill and training and that he was prejudiced by the action or inaction of his counsel. The rule was stated in *State v. Journey,* 207 Neb. 717, 723, 301 N.W.2d 82, 87 (1981), as follows: "Nebraska employs a two-part test for determining whether an attorney has effectively counseled a criminal defendant. First, counsel must perform at least as well as one with ordinary criminal law skill and training in his or her region. Counsel must also conscientiously protect his client's interests. *State v. Leadinghorse,* 192 Neb. 485, 222 N.W.2d 573 (1974); *State v. Lang,* 202 Neb. 9, 272 N.W.2d 775 (1978). A defendant challenging competency of counsel has the burden to establish it. *State v. Auger & Uitts,* 200 Neb. 53, 262 N.W.2d 187 (1978). In addition, defendant must show that he suffered prejudice in the defense of his case as a result of his attorney's actions or inactions. *State v. Mays,* 203

Neb. 487, 279 N.W.2d 146 (1979); *State v. Lang, supra; State v. Bartlett,* 199 Neb. 471, 259 N.W.2d 917 (1977)."

As we said in *State v. Meredith, post* p. 109, 321 N.W.2d 456 (1982), in order for one to maintain a claim of ineffective counsel, the record must affirmatively support the claim.

The assistant public defender who represented the defendant at the trial testified at the evidentiary hearing on the motion that he consulted with the defendant approximately a dozen times before trial. He discussed the police reports with the defendant and asked him for the names of witnesses, what his side of the story was, and if he had an alibi. With regard to the stereo which had been stolen from the victim's apartment, the defendant gave counsel three different stories, all conflicting.

In *State v. Holtan,* 205 Neb. 314, 287 N.W.2d 671 (1980), we pointed out that the adequacy of counsel cannot be determined solely on the basis of the amount of time spent interviewing the defendant. As in that case, the defendant in this case has failed to show how, had counsel discussed the case with the defendant any more than he did, anything different would have occurred.

In regard to witnesses, the defendant gave his counsel the "nicknames of people scattered all over the country." The defendant did not provide names and addresses of witnesses or tell his counsel what would be the testimony of these people. In the absence of evidence as to what the witnesses would have testified to, the defendant failed to establish prejudice.

The defendant's counsel further testified that he did not know whether the defendant would testify at the trial, so in his opening statement counsel told the jury that the defense would be able to explain the many confessions the defendant had made, but did not state how the explanation would be made. Coun-

sel testified that he hoped the defendant would not testify because the defendant had made many conflicting statements and counsel was unsure what the defendant would say. Counsel was of the opinion that it would not have been to the defendant's benefit if he had testified.

The defendant relies in part upon a newspaper account of the trial as proof that the defendant's counsel told the jury in his opening statement that the defendant would testify. The newspaper account does not quote counsel verbatim and, apparently, was the newspaper reporter's interpretation or conclusion from the remarks of counsel in the opening statement.

There is no requirement, in the absence of a request, that all stages of the proceeding be recorded, and the defendant has made no showing of prejudice of any kind other than in regard to his claim concerning the alleged statement of counsel in his opening statement.

The photographs which the defendant claims should have been objected to were admissible. Counsel may have believed it to be to the defendant's advantage as a matter of trial strategy to not object to evidence which was admissible.

In his deposition the defendant claims that he could have called "a host of character witnesses" at his sentencing hearing if he had known that he had a right to present such evidence. Again, there is no showing as to names and addresses of witnesses, or what they would testify to, other than perhaps a woman known only as "Shirley" with whom the defendant had stayed on several occasions.

In *State v. Landers, ante* p. 48, 51, 321 N.W.2d 418, 420 (1982), we said: "In *State v. Holtan, supra* [205 Neb.] at 321, 287 N.W.2d at 676, we said: '[T]he defendant maintains that counsel was inadequate in that he did not subpoena witnesses from the state of Washington who would have testified as to

his good character. The record, however, fails to disclose what, if anything, the witnesses would have testified to had they been called. What they might have testified to at best was the defendant's hope and wish. In the absence of evidence to disclose what the witnesses would have testified to, we are unable to establish any prejudice and therefore unable to establish any error.' Likewise, in *State v. Kelly, supra,* where the defendant claimed that his attorney had failed to interview and obtain witnesses to establish a defense based on consent, we said at [190 Neb.] 44, 205 N.W.2d at 648: 'The defendant utterly failed to establish this allegation. None of the four witnesses identified by him as supporting this defense were called to testify at this hearing nor was their failure to be called as witnesses explained. There was an utter lack of corroboration of the allegation and contention that neither force nor nonconsent were involved in his admitted sexual act with the prosecutrix.' ''

The evidence in this case falls far short of that required to compel the District Court to grant post conviction relief on any of the contentions advanced by the defendant.

Some mention should be made of the posture of the case at the time counsel was appointed to represent the defendant. After his arrest, the defendant had, on a number of occasions, admitted committing the murder. The police had assembled a mass of evidence, circumstantial and direct, which identified the defendant as the murderer. Counsel testified that the defendant, at his first interview, said "quite frankly that he wanted to plead guilty, get it over with." In other words, the defendant did not claim that he was innocent, gave counsel no facts which could be the basis for a defense, and was of little help in any of the preparations for trial. Against this background, defendant's claims made now that

he did not have adequate assistance of counsel are not persuasive.

The judgment of the District Court is affirmed.

AFFIRMED.