STATE OF NEBRASKA, APPELLEE, V. STANLEY A. POE, APPELLANT.

334 N.W.2d 642

Filed June 3, 1983.   No. 82-699.

Stanley A. Poe, pro se.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

The appellant, Stanley A. Poe, was convicted by a jury of robbery and use of a firearm to commit a felony. The conviction and sentence were affirmed by this court without opinion. This post conviction petition followed.

The District Court reviewed the proceedings had at trial and the proceedings from the hearing on the motion for new trial. After admitting in evidence a deposition of trial counsel by court-appointed counsel in the post conviction proceeding, the court denied a further evidentiary hearing and post conviction relief to the appellant. The appellant appealed and assigns as error that (1) the trial court erred when it denied an evidentiary hearing, and (2) the trial court erred when it failed to find that appellant had ineffective assistance of trial counsel. We will discuss the assignments together.

The principal point of dispute in the appeal is the failure of trial counsel to interview and call as a witness one Charles Leroy Smith. The existence of Smith was revealed to trial counsel either shortly before trial or after the trial began. Appellant told his attorney that Smith was in custody charged with three robberies, one of which was the same charge as the appellant was facing. As stated in appellant's brief at 4, "Appellant would submit that Charles Leroy Smith had evidence to prove that appellant was not the actual party who assisted him (Smith) in the robbery, that it was one Bernard Miller . . . . However appellant was advise [sic] by Smith that he

could not testify because of on-going plea negotiations in progress . . . ."

Smith did testify at the motion for new trial, and the evidence was before the trial court. He said that he would not have testified at appellant's trial on advice of counsel, but since the plea bargain dismissing the Hitchin' Post robbery (appellant's charge) was concluded, he admitted that he had participated in the robbery and that another person was with him, but that the other person was not the appellant.

In his deposition trial counsel admits he did not interview Smith and did not call him as a witness. His reasons for not doing so were clearly stated. A witness to the robbery described the robber as clean-shaven, whereas the appellant wore a beard of obvious age that could not have been grown since the robbery. He stated that he was reluctant to bring before the jury a witness who was charged with three robberies and whose credibility could be easily damaged or destroyed. Trial counsel did not list as a reason for failing to interview or call Smith as a witness the fact that Smith had steadfastly refused to testify and would be expected to refuse to answer all questions put to him on the ground of the privilege against self-incrimination, nor does appellant suggest here how an interview or subpoena of Smith would have benefited him or the failure to do so prejudice him.

The facts are undisputed. There was nothing that would have added to the information already before the court that could have helped it in making a decision. The deposition of trial counsel supported the allegations of the post conviction petition, and the appellant's contentions were fully presented to the trial court. No further hearing was necessary.

An evidentiary hearing may be denied if the trial court on examination finds that the proceeding is without foundation or merit. Neb. Rev. Stat. § 29-3001 (Reissue 1979); *State v. Bartlett*, 199 Neb.

471, 259 N.W.2d 917 (1977); *State v. Nokes*, 209 Neb. 293, 307 N.W.2d 521 (1981).

Once the trial court decided that it had all the evidence that was necessary, the question then became whether trial counsel failed to perform as well as a reasonably competent attorney under similar circumstances with ordinary training and skill. See, *Marteney v. State*, 210 Neb. 172, 313 N.W.2d 449 (1981); *Hawkman v. Parratt*, 661 F.2d 1161 (8th Cir. 1981). We conclude that the trial court was correct in finding that trial counsel was not incompetent.

The decision not to interview Smith or call him was a reasonable exercise in trial strategy, and even if defense counsel had called Smith in this case, it would have been a useless gesture. "[W]hen trial counsel makes a choice of defenses as a matter of trial strategy, even if that choice proves to be ineffective, it does not without more sustain a finding of ineffective assistance of counsel." *Drake v. Wyrick*, 640 F.2d 912, 915 (8th Cir. 1981). Not only was the trial court correct in its conclusion that trial counsel was not incompetent, the appellant has failed to demonstrate any claimed prejudice. This is fatal to his claim. *Drake v. Wyrick, supra.*

The judgment of the trial court is affirmed.

AFFIRMED.

BOSLAUGH, J., concurs in the result.