STATE OF NEBRASKA, APPELLEE, v. JERALD DEAN CROUCH, APPELLANT.

337 N.W.2d 766

Filed August 12, 1983. No. 82-691.

Lawrence W. Stunkel, for appellant.

Paul L. Douglas, Attorney General, and Dale A. Comer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

WHITE, J.

This is an appeal from the District Court for Saunders County, Nebraska, from the denial of post conviction relief. Appellant, Jerald Dean Crouch, was convicted of one count of robbery and sentenced to imprisonment for a term of from 10 to 20 years. Neb. Rev. Stat. §§ 28-324 and 28-105 (Reissue 1979). The conviction was affirmed by this court in *State v. Crouch*, 205 Neb. 781, 290 N.W.2d 207 (1980). The facts relative to the commission of the crime are stated in that opinion and will not be repeated here.

Essentially, the errors urged by appellant in this cause are identical to those asserted in the original appeal, except in a slightly different context. The same errors are now couched in terms of an alleged sixth amendment violation, i.e., denial of effective assistance of counsel. The errors alleged are as follows: (1) Counsel was ineffective in failing to secure information in possession of the prosecution and in not conducting an independent investigation of witnesses prior to trial; (2) Counsel failed to provide information to the appellant with respect to incriminating statements allegedly made by the appellant and therefore prevented appellant from aiding in his defense or at least making an informed decision as to a plea bargain offer; and (3) Counsel failed to provide effective assistance when he did not pursue and contact rebuttal witnesses whose names were given him by the appellant. We shall discuss the assignments in order.

Assignment (1) deals with the alleged existence of alibi witnesses, one Janet Kimm and two other persons named Calvin and Dave. Contrary to the contentions of the appellant, the evidence indicates, and the trial court believed, that appointed counsel contacted one Janet Kimm, whose name was the only complete name revealed to him. Counsel had a conversation with Janet Kimm. She stated that she did not know of any way her testimony would help the appellant, and she further informed counsel that

while she was acquainted with two other alleged alibi witnesses, Calvin and Dave, she did not know their last names and had not been able to contact them. The appellant did not supply any further identification or whereabouts of Calvin or Dave. The failure to locate Calvin and Dave cannot be said to constitute ineffective assistance of counsel. The assignment is wholly without merit.

Assignment (2): The appellant's evidence indicates that he was never informed that conversations of himself with a codefendant in a Utah jail were overheard by a Nebraska State Patrol investigator and that the information was in the hands of the prosecution; thus, it was either not discussed with appellant by his counsel or appellant's counsel never secured this information. Appointed counsel at the trial stated that it was his recollection that he had such information but that he could not be positive. The trial had occurred over 2 years previous to the post conviction hearing. It was observed by the trial court and by this court in the direct appeal in this case that the cross-examination of the State Patrol investigator was effective, that the evidence was admissible, and that no prejudice was shown. With respect to the alleged failure to convey information sufficient to make a plea bargain, both the appellant and his appointed counsel testified that the appellant at all times maintained his innocence of the charge and that he was not interested in a plea bargain. Counsel was not remiss in his duties by failing to discuss plea bargains after clear instructions from his client that he was not interested in any such bargains.

Assignment (3) relates to the alleged failure of counsel to call as rebuttal witnesses certain persons who would testify to the fact that a codefendant did not suffer from an eye disease such as would have made it impossible for him to drive an automobile at night. This court on appeal and the trial court in the post conviction observed that this evidence was

merely cumulative and the admission of such evidence is addressed to the sound discretion of the trial court. *State v. Keith*, 189 Neb. 536, 203 N.W.2d 500 (1973).

In order to establish a right to post conviction relief based on a claim of ineffective counsel, the criminal defendant has the burden to prove that counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law or that he failed to conscientiously protect his client's interests. Further, he must show on the record how he suffered prejudice in the defense of his case as a result of the counsel's action during trial. *State v. Otey*, 212 Neb. 103, 321 N.W.2d 453 (1982); *State v. Lang*, 202 Neb. 9, 272 N.W.2d 775 (1978).

The evidence against the appellant, as we observed in the original opinion, was overwhelming. He was placed as a participant at the scene of the crime by a codefendant. His codefendant's estranged wife disputed his alibi by also placing him at or near the scene of the crime on the date of the crime. In addition, his own voluntary statement in which he implicated himself and threatened the codefendant was properly admitted in evidence. The appellant has the burden to establish prejudice by the existence of admissible evidence which would have been helpful to him on cross-examination or in his case in chief, providing the evidence could have been discovered by reasonable investigation. *State v. Lang, supra.*

We agree with the trial court that the evidence discloses that counsel made reasonable efforts to discover the existence of alibi witnesses. It is interesting to note that none of the proposed alibi witnesses were called at the post conviction hearing. The record is silent as to what, if anything, they could have said that would have supported the appellant's alibi. The record totally fails to disclose whether the alibi witnesses would have supported the position of the

appellant.  The appellant has failed to show prejudice.  *State v. Lang, supra.*

We are of the opinion, as was the trial court, that the appellant's assignments of error are not meritorious.  The denial of post conviction relief is affirmed.

AFFIRMED.