STATE OF NEBRASKA, APPELLEE, V. PETER HOCHSTEIN, APPELLANT.

344 N.W.2d 469

Filed February 17, 1984. No. 83-254.

David L. Herzog and Alan G. Stoler, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and COLWELL, D.J., Retired.

PER CURIAM.

The appellant, Peter Hochstein, appeals from an order entered by the district court for Douglas County, Nebraska, denying Hochstein's request for post conviction relief sought pursuant to the Nebraska Post Conviction Act, Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). We have thoroughly and meticulously reviewed the record in this case and conclude that the trial court was correct in denying relief. For that reason the judgment is affirmed.

The facts which resulted in Hochstein's conviction for the first degree murder of Ronald J. Abboud and which give rise to this action are set out in our earlier decision of *State v. Anderson and Hochstein*, 207 Neb. 51, 296 N.W.2d 440 (1980) (*Anderson and Hochstein I*), and will not be repeated here.

Hochstein has assigned four errors allegedly com-

mitted by the trial court entitling him to post conviction relief. The errors, as assigned, are that (1) the trial court erred in refusing to suppress the testimony of Lon Reams; (2) the trial court erred in not finding the interlocutory decision by Justice McCown and the affirming of that decision by this court are contrary to the standards of appellate review and constitutionally void; (3) the trial court erred in not finding that petitioner received inadequate representation by counsel at his trial and sentencing; and (4) the trial court erred in that it did not find that the death penalty, Neb. Rev. Stat. §§ 29-2521.01 et seq. (Reissue 1979), was applied incorrectly.

Before considering the assignments, it might be helpful to once again set out the rules applicable to post conviction relief and appeals taken therefrom. "A motion for post conviction relief can not be used as a substitute for an appeal or to secure a further review of issues already litigated." *State v. Ohler*, 215 Neb. 401, 405, 338 N.W.2d 776, 778 (1983). Additionally, a defendant in a post conviction proceeding may not raise questions which could have been raised on direct appeal unless the questions are such that they would make the judgment of conviction void or voidable under the state or federal Constitution. See *State v. Stranghoener*, 212 Neb. 203, 322 N.W.2d 407 (1982). One seeking post conviction relief has the burden of establishing the basis for such relief, and the findings of the district court will not be disturbed on appeal unless they are clearly erroneous. See, *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982); *State v. Stranghoener*, *supra*. The reasons for such rules are obvious. As we noted in *State v. Weiland*, 190 Neb. 111, 113, 206 N.W.2d 336, 338 (1973): "There must be an end to litigation. A defendant will not be permitted to rephrase issues previously raised or raise new issues which could have been previously raised for the purpose of securing another review on appeal."

By reason of those recognized rules by which we

review post conviction relief cases, we may dispose of assignments Nos. 1, 2, and 4 by noting that these matters were previously raised and disposed of adversely to Hochstein in his direct appeal reported in *Anderson and Hochstein I.* These assignments of error may now be slightly rephrased; however, as we have noted, this is of no significance. These were issues which were directly involved in the direct appeal and will not now be reconsidered. Therefore, this leaves us with only assignment of error No. 3, to the effect that Hochstein received ineffective assistance of counsel at trial and at sentencing.

With regard to the assignment of error concerning ineffective assistance of counsel, we must also keep in mind certain basic rules. "In order to establish a right to post conviction relief based on a claim of ineffective counsel, the criminal defendant has the burden to prove that counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law or that he failed to conscientiously protect his client's interests. Further, he must show *on the record* how he suffered prejudice in the defense of his case as a result of the counsel's action during trial. *State v. Otey*, 212 Neb. 103, 321 N.W.2d 453 (1982); [citation omitted]." (Emphasis supplied.) *State v. Crouch*, 215 Neb. 205, 208, 337 N.W.2d 766, 768-69 (1983). See, also, *State v. Clark, ante* p. 49, 342 N.W.2d 366 (1983). In a post conviction case the person challenging the competency of counsel has the burden of proof to establish the incompetency of counsel, *State v. Otey*, 212 Neb. 103, 321 N.W.2d 453 (1982), and *State v. Holloman*, 209 Neb. 828, 311 N.W.2d 914 (1981), and the findings of the district court denying relief will not be disturbed on appeal unless clearly erroneous. *State v. Paulson, supra.* The record must affirmatively support a claim of ineffective assistance of counsel, and the ineffectiveness of counsel is not to be judged by hindsight. *State v. Meredith*,

212 Neb. 109, 321 N.W.2d 456 (1982); *State v. Fowler*, 201 Neb. 647, 271 N.W.2d 341 (1978). We do not examine the claim of ineffective assistance of counsel as "Monday-morning quarterbacks" attempting to determine whether something might have been done that might have produced better results in light of what in fact transpired. What we are called upon to do is to determine whether a defendant was afforded his constitutional right by receiving effective assistance of counsel in light of recognized standards. A defendant is not constitutionally entitled to receive a "perfect trial," only a fair and constitutional trial.

Hochstein lists some 10 alleged examples of ineffective assistance of counsel. A number of them require us to accept Hochstein's version of the facts rather than evidence to the contrary. This we are not compelled to do in determining ineffective assistance of counsel. Other claims are simply without any factual basis in the record. Hochstein's first claim regarding ineffective assistance of counsel is that the State's principal witness, Lon Reams, should have been cross-examined concerning testimony that Hochstein had removed his lower teeth in order to disguise himself, when, in reality, it was his upper teeth which are false. We are not shown how that testimony would have changed the results in this case. Additionally, a reading of the record does not support Hochstein's claim concerning what Reams actually testified to regarding the false teeth. Therefore, this allegation of ineffective assistance of counsel has no factual basis.

Hochstein further argues, in a series of examples, that his trial counsel failed to adequately conduct investigations, coach witnesses, confer with him, or permit him to see police reports or witness lists. Yet, he is unable to establish in any meaningful way how those failures, if in fact they occurred, prejudiced Hochstein or, if handled in another manner, would have produced a different result. His claims

at best are mere assertions. As we noted in *State v. Holtan*, 205 Neb. 314, 319, 287 N.W.2d 671, 675 (1980): "In either event, defendant does not in any manner show us how, had counsel discussed the matter with defendant any more than he did, anything different would have occurred. The adequacy of counsel cannot be determined solely on the basis of the amount of time he spent interviewing his client." And, further, in *State v. Pankey*, 208 Neb. 377, 378, 303 N.W.2d 305, 306 (1981), we said: "We have previously held that error or prejudice allegedly resulting from the ineffective assistance of counsel cannot be established where witnesses were not called, absent a showing in the record of the beneficial nature of such witnesses' testimony." The defect in Hochstein's position is that he is unable to show us, in the record, how it would have changed the results if counsel would have taken the steps he now claims were defective.

He further claims that counsel was ineffective because he did not object to the sitting of a juror, did not advise Hochstein he could call witnesses at the sentencing hearing, did not move for severance of trial or severance of the sentencing hearing, and counsel was not independent enough but, rather, was dominated by counsel for the codefendant. Again, he fails to produce a shred of evidence to support his claim that any of these alleged failures affected the outcome of this trial.

We believe it is sufficient at this point to simply observe that we have reviewed the record in light of each and every claim by Hochstein of ineffective assistance of counsel, and we are unable to determine that the trial court, in any manner, abused its discretion in refusing to find that such claims did in fact deprive Hochstein of effective assistance of counsel. The mere belief by appellant and his present counsel that more could have been done does not establish ineffective assistance of counsel. For these reasons we believe the judgment of the trial

court denying Hochstein's post conviction relief was in all respects correct and should be affirmed.

AFFIRMED.