STATE OF NEBRASKA, APPELLEE, V. JAMES RAY BROWN, APPELLANT.

369 N.W.2d 639

Filed June 28, 1985.   No. 84-853.

Clifford C. Ruder of Stehlik, Smith, Trustin, Schweer & Ruder, for appellant.

Robert M. Spire, Attorney General, and Terry R. Schaaf, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

James Ray Brown has appealed from an order of the district court which denied his application for post conviction relief. His direct appeal, in which he raised the sole issue of sufficiency of the evidence to support his conviction, is found in *State v. Brown*, 213 Neb. 68, 327 N.W.2d 107 (1982). He raises again as an assignment of error the sufficiency of the evidence, which we will mention only in passing. His other assignment of error relates to the claimed ineffective assistance of trial counsel.

The basis for his assertion as to counsel is that a certain witness, Kevin Dent, was not called to testify as part of the case for the defense. Dent's testimony, according to his deposition

offered at the post conviction hearing, would have supported defendant's rather incredible claim that the victim of this shooting, after having taken five shots at close range while brandishing an opened knife, calmly lay down on the street, raised back up, picked up the knife, which had fallen to the ground, closed it, tried to return it to his pocket, and died.

This was the explanation Brown gave at his trial. As stated in our opinion on direct appeal, that story was supported in substance by the testimony of Alfonzo Ray Hunter, Roosevelt Kirk, and Mar Haman. Actually, Hunter testified almost identically to the facts related by Brown, including the part about raising up, closing the knife, and lying back down to die. Kirk and Haman corroborated the defendant's story to the extent that the victim had an open knife which he held in a menacing manner, but neither of them ever saw him raise up and close the knife. However, all three stories supported defendant's claim of self-defense, which was submitted to the jury and rejected.

Defendant's trial attorney was called as a witness in this post conviction proceeding. He testified that his office, the office of public defender, had interviewed Dent. When asked what Dent would have testified to had he been called at the trial, the attorney replied:

> Well, I don't know exactly what it would have been. . . . When we went over and talked to him, at least our investigator went over and talked to him, and we were told by him that he really didn't want anything to do with that. It seemed to me he was awaiting sentence on some other charge, and that we better not call him, that he wasn't going to help us at all, and I know that Mr. Chadwell had some conversations with him with regards to the knife and whether or not he saw the knife, but other than that, I don't remember anything exactly as to what he was going to say, but I do know that I felt that, after discussing with my investigator, that I thought it might be a very bad idea to call Mr. Dent. I did discuss that matter with James Brown also.

On cross-examination by the State, the attorney stated that it was his decision not to call Dent as a witness. He felt there was

no question but that his testimony would hurt the defendant's case. When asked to explain his position, he said:

> Well, he was — again, he was a convicted felon and he was in jail on other charges and he would be subject to the argument that Mr. Dent was merely somebody that Mr. Brown found in the jail that was a friend of his, coming over to testify. I knew that I had "Fast Black," "Killer," and "Bonaparte" [apparently Hunter, Kirk, and Haman] coming in that were going to testify in complete substantiation of Jim Brown's story, and I felt that Mr. Dent was warning us that he was not going to help us. I thought his testimony would be untrustworthy, and I also felt that he might dump us right on the spot.

There was no failure to investigate the facts, as was present in *State v. Lang*, 202 Neb. 9, 272 N.W.2d 775 (1978), and the rule of that case is not applicable. Defendant must look elsewhere to find support for his claim of ineffectiveness of counsel.

The person seeking post conviction relief has the burden of establishing a basis for relief, and the findings of the district court will not be disturbed on appeal unless they are clearly wrong. *State v. Pearson, ante* p. 183, 368 N.W.2d 804 (1985). Such person, to show ineffectiveness of counsel, must show that trial counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law in the area and that such lawyer failed to conscientiously protect the interests of his client. *State v. Pearson, supra.*

A decision to call, or not call, a particular witness, made by counsel as a matter of trial strategy, even if that choice may prove to be ineffective, does not without more sustain a finding of ineffectiveness of counsel. *State v. Poe*, 214 Neb. 540, 334 N.W.2d 642 (1983).

Certainly, counsel's decision should not be judged on the basis of hindsight. Even if it were, we believe counsel made a wise decision not to risk the uncertainty of Dent's testimony, accompanied by the prejudicial effect of his prior felony conviction, simply to produce evidence tending to support a rather tenuous position taken by the defendant himself.

The evidence was cumulative in nature in that practically the same facts had been testified to by three other witnesses. As

stated in *State v. Heathman*, 216 Neb. 609, 611, 344 N.W.2d 670, 672 (1984): "Trial counsel was evidently convinced that the testimony was not helpful, and the trial court agreed with his judgment." We agree with the trial court in this instance.

As stated earlier, we do not consider the issue of the sufficiency of the evidence to support the conviction, because a motion or application for post conviction relief cannot be used to secure a further review of issues already litigated on direct appeal. *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984). See, also, *State v. Boyer, post* p. 312, 369 N.W.2d 644 (1985).

There is no merit to defendant's claim for post conviction relief, and the judgment of the district court in denying the same is affirmed.

AFFIRMED.