STATE OF NEBRASKA, APPELLEE, V. HAROLD C. ISIKOFF, ALSO KNOWN AS HERBERT SAMUEL CHRISTENSEN, JR., APPELLANT.

392 N.W.2d 783

Filed August 22, 1986. No. 86-248.

Harold C. Isikoff, pro se.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.
Harold C. Isikoff appeals the dismissal of his first postconviction application. On March 12, 1981, the appellant was convicted by jury of escape, defined in Neb. Rev. Stat. § 28-912(1) (Reissue 1985). At a later hearing he was determined to be a habitual criminal under Neb. Rev. Stat. § 29-2221 (Reissue 1985). The appellant was sentenced to a term of not less than 11 nor more than 11½ years at the Nebraska Penal and Correctional Complex, to be served consecutively to other sentences. In an amended motion for new trial, appellant claimed newly discovered evidence, supported by a letter and affidavit of William R. McCloud. That motion was overruled. Isikoff appealed his conviction and sentence directly to this court, raising various issues in his assignments of error. That appeal is reported at *State v. Isikoff*, 210 Neb. 345, 314 N.W.2d 30 (1982). The judgment was affirmed.

The appellant initiated postconviction proceedings in the district court for Lincoln County on January 29, 1986. Based on a review of the bill of exceptions from trial, the district court file, and the reported opinion cited above, the district court determined that the appellant was not entitled to postconviction relief and dismissed his application without an

evidentiary hearing. Isikoff appeals pro se.

Seventeen errors have been assigned, four of which were assigned verbatim on the appellant's direct appeal to this court: errors 1, 2, 3, and 6. Six more assignments paraphrase other errors assigned on direct appeal: errors 9, 10, 11, 15, 16, and 17. As we have stated repeatedly, a motion for postconviction relief cannot be used to secure review of issues which have already been litigated on direct appeal. *State v. Hurlburt*, 221 Neb. 364, 377 N.W.2d 108 (1985); *State v. Boyer*, 220 Neb. 312, 369 N.W.2d 644 (1985); *State v. Brown*, 220 Neb. 305, 369 N.W.2d 639 (1985). Those assignments of error will not be considered.

We have also stated that issues which were known to defendant and counsel at the time of trial and were capable of being raised in a direct appeal, but were not raised in defendant's direct appeal, are not proper grounds for postconviction relief. *State v. Hurlburt, supra; State v. Shepard*, 208 Neb. 188, 302 N.W.2d 703 (1981); *State v. Weiland*, 190 Neb. 111, 206 N.W.2d 336 (1973). As such, the appellant's claim that he was maliciously prosecuted by the county attorney and his claim of bias on the part of the presiding district judge are also denied.

Three of the remaining errors concern two issues which were known to appellant and trial counsel subsequent to trial but prior to direct appeal, the use of tainted jurors and refusal to allow McCloud to testify: errors 4, 5, and 7. Isikoff claims ineffectiveness of counsel in their omission on direct appeal.

> "In order to establish a right to post conviction relief based on a claim of ineffective counsel, the criminal defendant has the burden to prove that counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law or that he failed to conscientiously protect his client's interests. Further, he must show *on the record* how he suffered prejudice in the defense of his case as a result of the counsel's action during trial. . . ."

(Emphasis in original.) *State v. Hochstein*, 216 Neb. 515, 518, 344 N.W.2d 469, 472 (1984).

In an amended motion for new trial, Isikoff's trial counsel alleged that he had obtained newly discovered evidence material to the defendant which could not, with reasonable diligence,

have been discovered and produced at trial. Attached was an affidavit by William R. McCloud, who was incarcerated with Isikoff in the Lincoln County jail prior to Isikoff's escape. The affidavit stated that McCloud informed the authorities of Isikoff's plans for escape 1 day prior to the actual escape.

Since that evidence was contrary to testimony by Jack Sexton, investigator for the Lincoln County Sheriff's Department, that he had no prior information of the planned escape, trial counsel alleged that Isikoff was denied a fair trial. The motion for new trial was denied and counsel did not appeal that ruling.

In his postconviction appeal Isikoff claims that the trial court erred in that it "did not allow" William McCloud to testify on the motion for new trial with regard to an "entrapment defense." Isikoff argues that this issue would have been raised on direct appeal but for ineffectiveness of counsel. Ignoring the fact that there is no record that the court was requested to hear the testimony of McCloud nor that the question of entrapment had been raised, McCloud's affidavit made it very clear that the newly discovered evidence did not support the defense of entrapment. It was not error for the trial judge to deny the motion for new trial without hearing McCloud's testimony, nor was it ineffective representation for trial counsel to fail to appeal that matter.

The appellant also bases his claim of ineffectiveness of counsel on his trial attorney's failure to appeal the impaneling of tainted jurors. Isikoff claims that, at voir dire, three named members of the jury pool stated that they had read newspaper reports that Isikoff had been charged as a habitual criminal. Section 29-2221 provides in part as follows: "(2) Where punishment of an accused as an habitual criminal is sought . . . the fact that the accused is charged with being an habitual criminal shall not be an issue upon the trial of the felony charge and shall not in any manner be disclosed to the jury."

Isikoff claims further that although his attorney "objected" to these jurors at trial, they remained on the jury panel. In dismissing the appellant's postconviction application, the district court judge interpreted Isikoff's allegations in the following manner:

The applicant's complaint that he was denied effective assistance of counsel is without merit. The applicant states that three jurors had indicated they had read about the applicant being charged as an habitual criminal in the newspaper. The applicant admits that his attorney objected to these individuals. (The Court assumes that the applicant means that the attorney for the applicant moved to have these jurors stricken for cause.) The voir dire in this matter was not recorded and this objection is not on the record. However, all three of the jurors indicated by the applicant as having read articles concerning him were stricken by the applicant and his attorney and did not sit on the trial of the case. Since there was no record of the voir dire, and since these jurors were stricken by the defendant, no appeal of this issue would have been fruitful, and, further, that [sic] there was no infringement on the right of the applicant which would have made the judgment void or voidable under the constitution of this state or the Constitution of the United States.

No evidence of juror bias appears in the record filed with this court. Although the appellant's brief refers to exhibit 1, attached to his application for postconviction relief, in support of his allegations, no such exhibit has been submitted to this court. It is the responsibility of an appellant to see that the record in this court contains all of the matters which an appellant wants this court to consider in deciding the case. *Ingerslew v. Bartholomew*, 216 Neb. 836, 346 N.W.2d 258 (1984). There being no evidence of juror bias, we must deny appellant's claims regarding that matter.

Inasmuch as a defendant must show on the record how he suffered prejudice in the defense of his case in order to make a claim of ineffective counsel, *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984), that related argument is also rejected.

The remaining errors assigned by appellant include a claim that the sentence was excessive and that the court improperly used prior felony convictions to enhance his sentence. These claims are not proper subjects for postconviction relief and could have been raised on direct appeal.

Finally, defendant claims that the trial court erred in denying

him appointed counsel on this appeal. It is within the discretion of the district court to determine whether counsel shall be appointed in a postconviction proceeding to represent defendant on appeal to this court, and in the absence of a showing of abuse of discretion, the failure to appoint counsel is not error. *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982).

The district court committed no error in denying postconviction relief, and its judgment is affirmed.

AFFIRMED.