STATE OF NEBRASKA, APPELLEE, V. ADONIS ANDREWS, APPELLANT.

394 N.W.2d 638

Filed October 10, 1986.    No. 85-930.

James S. Jansen, for appellant.

Robert M. Spire, Attorney General, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

In 1983 the defendant was found guilty of first degree forcible sexual assault, use of a knife in the commission of a felony, kidnaping, and unlawful flight to avoid arrest. He was sentenced to consecutive terms of imprisonment totaling 33 years and 2 months to 80 years. Upon direct appeal this court reviewed the record, determined that the appeal was frivolous, and affirmed the judgment pursuant to Neb. Ct. R. of Prac. 3B(4) (rev. 1986).

On August 1, 1984, the defendant filed a motion for postconviction relief alleging that he was denied effective assistance of counsel at trial. After an evidentiary hearing the trial court denied the motion. The defendant has now appealed from that order.

To obtain postconviction relief on the ground of ineffective assistance of counsel, a defendant must show that " 'counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law or that he failed to conscientiously protect his client's interests.' " *State v. Isikoff, ante* p. 679, 681, 392 N.W.2d 783, 785 (1986) (quoting *State v. Hochstein,* 216 Neb. 515, 344 N.W.2d 469 (1984)). He must also show on the record the prejudice resulting from counsel's actions. *State v. Isikoff, supra.*

At the original trial the victim testified that in the early morning hours of June 30, 1983, a man entered her apartment in Omaha, Nebraska, sexually assaulted her, and then abducted

her. From her apartment the victim was driven in a loud, smoking, silver and black Ford Torino to a roominghouse, where she was again sexually assaulted. Following this second assault, her assailant, whom she positively identified as the defendant, began to drive the victim to her home on her promise that she would not contact the police. A short distance from her apartment, the defendant stopped the automobile, as there were a number of police cars parked at the victim's residence. The victim jumped out of the car and began running toward the police, yelling "[t]hat is him." A chase of the heavily smoking car ensued. The defendant eventually abandoned his car and was shot by a police officer while fleeing on foot. The victim identified the defendant's car in photographs presented at trial as the vehicle in which she was abducted.

That morning the victim was able to guide police officers to the house where she was assaulted. She also indicated where she was assaulted in the house, which was determined to be the defendant's bedroom.

The defendant testified that he was not at home at the time of the assault, as he had fallen asleep at the Crossroads shopping center parking lot. It is uncontradicted that trial counsel was unable to locate corroborating witnesses on investigation of this matter. The defendant testified that he became involved in the chase by police as he was on his way home after he awakened; that after slowing down for an approaching police cruiser, he panicked and jumped from his car because he was on parole and had amphetamines in the car.

The defendant now claims that his trial counsel was prejudicially ineffective, because his counsel failed to properly and adequately investigate the case, interview defense witnesses, and subpoena witnesses who could provide testimony favorable to the defense. A thorough review of the records from both the postconviction evidentiary hearing and the original trial shows his claim is without merit.

At the evidentiary hearing on the motion for postconviction relief, the defendant testified that prior to trial he had given trial counsel the names of several persons who lived in his roominghouse. According to the defendant, these persons were available to testify and corroborate his story that he had left the

house early in the morning of June 30, 1983, and had not returned.

Trial counsel testified that she phoned one of these potential witnesses, Clark Gefroh, who stated that he had not heard anything on the night in question and indicated an unwillingness to testify on the defendant's behalf. Gefroh also indicated that none of the other residents present at the time of the call were willing to talk to her about the case. Based upon this conversation, trial counsel determined not to call Gefroh because his testimony would not help the defense, given the victim's ability to describe the roominghouse in detail.

Three of the roominghouse residents, including Gefroh, testified that they were in fact willing and available to testify at trial. The content of their testimony would have been that they had neither seen nor heard the defendant return to the house at the time of the alleged sexual assault. Gefroh, a convicted felon, testified he had been drinking and was asleep in bed at the time in question. The other two residents testified that they were in the basement of the house watching television and engaging in sexual intercourse at the relevant times.

According to Gefroh, the defendant's trial counsel told him over the telephone that she did not think any of the residents could provide helpful testimony. Also, contrary to trial counsel's testimony, Gefroh testified that she expressed no desire to speak with any of the other residents.

With this evidence before it, the trial court denied the motion for postconviction relief, stating that had these witnesses been called, they might well have done the defendant more harm than good. While they may have provided weak evidence as to the defendant's whereabouts, their testimony would have tended to corroborate the victim's description of the house.

The record shows the evidence was in conflict. Upon appeal the findings of the trial court will not be disturbed unless they are clearly erroneous. *State v. Galvan*, 222 Neb. 104, 382 N.W.2d 337 (1986).

In *State v. Brown*, 220 Neb. 305, 307, 369 N.W.2d 639, 641 (1985), we noted that a strategic decision to call, or not call, a specific witness, even if the choice proves to be ineffective, "does not without more sustain a finding of ineffectiveness of

counsel." Certainly, on the present record, there appears good reason for counsel not to have called the witnesses who testified at the postconviction hearing.

But even assuming counsel failed to conscientiously pursue an investigation of all potential witnesses, defendant has not met his burden of showing prejudice. In *State v. Peery, ante* p. 556, 564-65, 391 N.W.2d 566, 573 (1986), we stated that "an attorney has been ineffective in the defense of a criminal case only if his or her actions or inactions have so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result."

The witnesses not called in this case might have tended to provide as much or more corroboration for the victim's story as for the defendant's alibi. The record, therefore, fails to indicate how the outcome of the trial would have differed had these witnesses been called. See *State v. Rust, ante* p. 150, 388 N.W.2d 483 (1986).

Moreover, the evidence against the defendant at trial was overwhelming. While there was no smoking gun in this case, there was, among other evidence, a smoking car and the complaining witness' testimony clearly tying the defendant to the crime. As such, the errors alleged in counsel's performance were less likely to have affected the outcome of the defendant's trial. See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (a verdict supported weakly by the trial record is more likely to have been affected by counsel's errors than one with overwhelming support in the record).

The record fully supports the judgment of the trial court denying postconviction relief. The judgment is affirmed.

AFFIRMED.

GRANT, J., participating on briefs.