STATE OF NEBRASKA, APPELLEE, V. ALAN W. FRIES, JR., APPELLANT.

398 N.W.2d 702

Filed January 2, 1987.   No. 86-339.

Mark W. Bubak, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

K<small>RIVOSHA</small>, C.J., B<small>OSLAUGH</small>, W<small>HITE</small>, H<small>ASTINGS</small>, C<small>APORALE</small>, S<small>HANAHAN</small>, and G<small>RANT</small>, JJ.

B<small>OSLAUGH</small>, J.

The defendant was convicted in 1982 of 27 counts of violating Nebraska laws regulating the registration and sale of securities. He was sentenced to imprisonment to three consecutive terms of 16 months to 5 years on the first three counts and to terms of 16 months to 5 years on the remaining counts, to be served concurrently with the sentence on count III. The judgment was affirmed in *State v. Fries,* 214 Neb. 874, 337 N.W.2d 398 (1983).

On May 21, 1985, the defendant petitioned for postconviction relief. After an evidentiary hearing on December 18, 1985, the district court denied the requested relief. From that order the defendant has appealed.

The defendant has assigned as error the trial court's finding that he was not denied effective assistance of counsel at trial. The defendant contends his counsel were ineffective because they failed to employ an expert in securities law to properly advise the defendant and to rebut the State's expert witness. The defendant argues that a competent criminal defense attorney would have employed such an expert and that had such an expert been employed, the outcome of the trial could have been different.

To obtain postconviction relief the defendant has the burden of proof to establish the grounds for such relief, and the findings of the district court will not be disturbed on appeal unless clearly erroneous. *State v. Hochstein,* 216 Neb. 515, 344 N.W.2d 469 (1984); *State v. Paulson,* 211 Neb. 711, 320 N.W.2d 115 (1982).

The standard by which this court determines whether a defendant in a criminal trial has been afforded effective assistance of counsel has been stated in various forms. In *State v. Leadinghorse,* 192 Neb. 485, 489, 222 N.W.2d 573, 577 (1974), we stated, "Our present test would be that trial counsel perform at least as well as a lawyer with ordinary training and

skill in the criminal law in his area, and that he conscientiously protect the interests of his client." This was consistently utilized until *State v. Otey*, 212 Neb. 103, 321 N.W.2d 453 (1982). In *Otey* we stated that, to determine the effectiveness of counsel, we would employ a two-part test: first, whether the lawyer performed at least as well as an attorney in the area with ordinary training and skill in the criminal law; and, second, whether the attorney conscientiously protected the interests of his client. In addition, the defendant had to show that the attorney's action or inaction caused the defendant to suffer prejudice in the defense of his case.

The *Otey* test required the defendant to prove both parts of the test to establish ineffective assistance of counsel. It has been employed by this court in numerous cases. See, e.g., *State v. Birge*, 223 Neb. 761, 393 N.W.2d 713 (1986); *State v. Brown*, 220 Neb. 305, 369 N.W.2d 639 (1985); *State v. Pearson*, 220 Neb. 183, 368 N.W.2d 804 (1985); *State v. Manchester*, 220 Neb. 41, 367 N.W.2d 733 (1985); *State v. Harper*, 218 Neb. 870, 359 N.W.2d 806 (1984); *State v. Clark*, 216 Neb. 49, 342 N.W.2d 366 (1983).

The *Otey* two-part test was given a slightly different, yet unexplained, articulation in *State v. Crouch*, 215 Neb. 205, 337 N.W.2d 766 (1983). In *Crouch* it was stated that to establish a right to postconviction relief the defendant had to prove that counsel had failed to perform at least as well as an attorney in the area with ordinary training and skill in the criminal law, *or* had failed to conscientiously protect the defendant's interest. Some subsequent postconviction relief cases followed this articulation of the test. See, e.g., *State v. Bradford*, 223 Neb. 908, 395 N.W.2d 495 (1986); *State v. Andrews*, 223 Neb. 830, 394 N.W.2d 638 (1986); *State v. Isikoff*, 223 Neb. 679, 392 N.W.2d 738 (1986); *State v. Hochstein, supra.*

A third statement of the test recently emerged in *State v. Grotzky*, 222 Neb. 39, 382 N.W.2d 20 (1986). There, the standard was stated to be whether counsel performed at least as well as an attorney in the area with ordinary training and skill in the criminal law. The second part of the test, that of conscientiously protecting the interests of the defendant, was not mentioned. Several recent cases have utilized this

articulation of the standard. See, e.g., *State v. Meis*, 223 Neb. 935, 395 N.W.2d 509 (1986); *State v. Rust*, 223 Neb. 150, 388 N.W.2d 483 (1986); *State v. Apodaca*, 223 Neb. 258, 388 N.W.2d 837 (1986).

While these three articulations apparently differ, the differences are more semantic than substantive. Essentially, the applicable standard is whether the attorney performed at least as well as an attorney in the area with ordinary training and skill in the criminal law. This standard imposes upon attorneys the duty to represent criminal clients in a manner consistent with the prevailing professional standard within their community. Implicit in that duty is a duty to conscientiously protect the interests of the client—a duty which is an integral part of every attorney-client relationship. See Canon VI, EC 6-4, Code of Professional Responsibility. The most recent cases interpreting this standard have recognized the test really has but one part, and accurately reflect the standard by which effectiveness of counsel in a criminal case is to be determined. This requirement is consistent with the test imposed by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and by the U.S. Court of Appeals for the Eighth Circuit in *Morrow v. Parratt*, 574 F.2d 411 (8th Cir. 1978).

In addition to showing the attorney failed to perform as required, the defendant must show, on the record, that counsel's action or inaction prejudiced the defense of the case. *State v. Otey*, 212 Neb. 103, 321 N.W.2d 453 (1982). The defendant must establish there is a reasonable probability that, but for counsel's errors, the result of the case would have been different. *State v. Pearson, supra*. See, also, *Strickland v. Washington, supra*. The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves ineffective, will not, without more, sustain a finding of ineffectiveness of counsel. *State v. Poe*, 214 Neb. 540, 334 N.W.2d 642 (1983). See, also, *State v. Andrews, supra*.

The defendant contends that counsel's failure to call an expert witness constituted ineffective counsel. There is no showing on the record of how such inaction prejudiced the

defense or that had such an expert been called, a different result probably would have followed.

The record is silent as to the type of testimony such an expert could have provided. Instead, the record discloses that the decision not to call an expert witness was carefully made and based on trial strategy. One of defendant's counsel testified that it was his belief that an expert witness could have been more detrimental than beneficial to the defendant's case. Both counsel testified that they considered and decided against obtaining an expert. The fact that the strategy proved unsuccessful does not sustain a finding of ineffectiveness of counsel. *State v. Poe, supra.*

The trial court's finding is supported by the record and was not clearly erroneous. The order denying postconviction relief is affirmed.

AFFIRMED.