**Richard James ELLEFSON, Appellant,**

v.

**Frank X. HOPKINS, Interim Warden, Nebraska State Penitentiary, Appellee.**

**No. 93–1419.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1993.

Decided Sept. 28, 1993.

Brent M. Bloom, Omaha, NE, argued, for appellant.

Mark D. Starr, Asst. Atty. Gen., Lincoln, NE, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Richard James Ellefson, a Nebraska inmate, appeals the district court's [1] denial of his 28 U.S.C. § 2254 petition. We affirm.

In March 1982, a Nebraska jury found Ellefson guilty of burglary and sexual assault; the court sentenced him to consecutive terms of not less than five nor more than ten years for the burglary, and not less than fifteen nor more than twenty-five years for the assault. Ellefson appealed and the Nebraska Supreme Court affirmed his convictions. *State v. Ellefson*, 214 Neb. 747, 336 N.W.2d 88, 92 (1983).

Ellefson then moved for state post-conviction relief, arguing, inter alia, that he was denied effective assistance of trial counsel. After a hearing, a Nebraska district court denied Ellefson's motion. On appeal, Ellefson argued, inter alia, that trial counsel was ineffective because he failed to investigate more thoroughly the possibility that one of Ellefson's coworkers was the perpetrator, and failed to call a medical expert to refute the State's expert serologist. *State v. Ellefson*, 231 Neb. 120, 435 N.W.2d 653, 655–56 (1989).

The Nebraska Supreme Court found that trial counsel investigated Ellefson's coworkers "and made a reasonable determination that ... no benefit would be derived from putting them on the stand." *Id.*, 435 N.W.2d at 656. The supreme court also found that trial counsel's strategy "was to concentrate [through cross-examination of the State's expert] on the fact that the [scientific] test results did not pinpoint [Ellefson] as the perpetrator and that more than one-half of the general population could not be ruled out as being the victim's assailant." *Id.*, 435 N.W.2d at 657. The court specifically found that "trial counsel performed as a lawyer possessing ordinary training and skill in the criminal law should have performed," and concluded that " '[t]he record discloses that

---

1. The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

the decision not to call an expert witness was carefully made and based on trial strategy.' " *Id.* (quoting *State v. Fries,* 224 Neb. 482, 398 N.W.2d 702, 705 (1987)).

Ellefson then filed a section 2254 petition which (as subsequently amended) alleged, inter alia,[2] that he was denied effective assistance because trial counsel failed to investigate whether one of Ellefson's coworkers could have committed the crimes, and failed to call a medical expert to rebut the testimony of the State's expert. Ellefson also filed a motion for expansion of the record and evidentiary hearing, which the magistrate denied.

The district court denied Ellefson habeas relief on his first ineffective-assistance claim because Ellefson failed to show either that trial counsel's decision was unreasonable under the circumstances or that Ellefson was prejudiced by counsel's decision. The district court denied Ellefson habeas relief on his second ineffective-assistance claim because Ellefson failed to adequately rebut the Nebraska Supreme Court's finding that trial counsel's failure to call an expert medical witness was also a matter of trial strategy.

Ellefson now argues that the district court erred by not allowing him to conduct discovery and by not holding an evidentiary hearing. Ellefson also argues that trial counsel's failure to interview witnesses and independently evaluate the State's medical evidence constituted ineffective assistance of counsel.

 "A petitioner who has failed to develop evidence in state court must show cause and prejudice for that failure in order to merit an evidentiary hearing in federal court" on a petition for habeas corpus. *McKee v. Nix,* 995 F.2d 833, 835–36 (8th Cir.1993) (citing *Keeney v. Tamayo–Reyes,* — U.S. —, —, 112 S.Ct. 1715, 1719, 118 L.Ed.2d 318 (1992)). Ellefson did not even allege cause and prejudice for his failure to create an adequate state-court record for the federal district court to review. We conclude, therefore, that the district court did not err by denying Ellefson's motion to ex-

pand the record and for an evidentiary hearing.

Finally, to establish ineffective assistance of counsel, Ellefson must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance rendered his trial unreliable or fundamentally unfair. *See Lockhart v. Fretwell,* — U.S. —, —, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). The Nebraska Supreme Court found that trial counsel investigated "the possibility that one of [Ellefson's] coworkers could have been the attacker." *Ellefson,* 435 N.W.2d at 656. The supreme court also found that trial counsel's strategy was to call into question the weight of the State's scientific evidence through his cross-examination of the State's expert. *Id.,* 435 N.W.2d at 657. These findings are entitled to a presumption of correctness, and we will not second-guess strategic decisions. *See Wilson v. Armontrout,* 962 F.2d 817, 819–20 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 383, 121 L.Ed.2d 293 (1992).

Accordingly, we affirm.

---

**2.** Ellefson raised additional claims, but appointed habeas counsel abandoned them in the district court.