STATE OF NEBRASKA, APPELLEE, V. CHARLES JESS PALMER, ALSO KNOWN AS CHARLES TINSLEY, ALSO KNOWN AS J.R. KIRKPATRICK, APPELLANT.
518 N.W.2d 899

Filed July 8, 1994. No. S-84-733.

Gary L. Dolan, of Wolfe, Anderson, Hurd, Luers & Ahl, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

PER CURIAM.

The appellant, Charles Jess Palmer, has been tried, convicted and sentenced to death three times for the felony murder of Eugene Zimmerman. *State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986); *State v. Palmer*, 215 Neb. 273, 338 N.W.2d 281 (1983); *State v. Palmer*, 210 Neb. 206, 313 N.W.2d 648 (1981). Palmer was scheduled to be executed on July 6, 1987. However, before Palmer's sentence was carried out, his execution was stayed. On June 12, 1987, the Supreme Court of the United States stayed Palmer's execution pending the filing of a petition for writ of certiorari. That stay, by its own terms, automatically terminated on October 5, 1987, when the Supreme Court denied Palmer's petition for a writ of certiorari. Subsequently, Palmer pursued further litigation in the federal courts. Palmer v. Clarke, case No. CU 84-L-144 (D. Neb.). However, as of June 13, 1994, when the U.S. Supreme Court denied Palmer's petition seeking a writ of certiorari, Palmer no longer had any proceeding pending in the federal courts.

On January 4, 1994, more than 6 years after the last stay of execution expired, the Attorney General, acting on behalf of the appellee, the State of Nebraska, moved this court to set a new execution date for Palmer.

In response to that motion, and similar motions filed by the

State in *State v. Otey*, S-42204, and *State v. Joubert*, S-84-842, this court ordered the parties to brief and argue the following issues:

(1) Whether, at the termination of all federal jurisdiction in this matter this Court or the sentencing trial court has jurisdiction to set an execution date;

(2) Whether conceding that a federal stay of execution is in full force and effect this Court or any state court has the authority to either disregard or anticipate the expiration of federal jurisdiction by setting an execution date prior to that expiration;

(3) Whether this Court or any state court is permitted by the doctrine of comity or otherwise, to set an execution date during the pendency of federal proceedings even though a stay of execution is not in effect.

Given that Palmer no longer has a stay of execution in effect or federal proceedings pending, the only issue now relevant to this motion is whether this court has jurisdiction to set an execution date after an earlier execution date has expired. In *State v. Joubert, ante* p. 287, 518 N.W.2d 887 (1994), issued contemporaneously, we addressed this issue in detail. There we held, "[T]his court has the inherent power, as well as the statutory power, to set successive execution dates and issue death warrants as the circumstances may dictate." *Id.* at 297, 518 N.W.2d at 895.

Setting executions where there is no legal impediment to the execution is, by law and this court's experience, a ministerial act done routinely in order to carry out the court's judgment. *State v. Joubert, supra*. As we demonstrated in *Joubert*, it has long been the practice of this court to set execution dates under the appropriate circumstances.

However, starting in 1993, the Attorney General began to request writs of execution when not appropriate, e.g., in circumstances where a stay was in effect or after a decision was rendered, but before a mandate was issued. The Attorney General has sought a writ of execution in a case where a stay was in effect, requesting that we anticipate the date and outcome of an expected decision. *State v. Joubert, supra*. What formerly had been routine and ministerial could not be handled

routinely. This court ordered further briefing to clarify the Attorney General's request and also, hopefully, to identify cases in which this court should and could act, such as the case at hand, and those in which it could not and should not act, such as *Joubert*. Unfortunately, the Attorney General's office presented almost identical briefs in factually and legally dissimilar cases. Here no federal case is pending. In *State v. Otey, post* p. 309, 518 N.W.2d 901 (1994), a federal case had been pending, but no mandate had been issued. Finally, in *Joubert*, a federal court had issued a stay of execution. The briefs of the Attorney General failed to recognize these dissimilarities and treated each case the same.

Moreover, the Attorney General failed to provide this court with an adequate factual record to support his motion. Of principal concern in these matters was the status of related federal court proceedings. Rather than providing this court with evidence, the Attorney General apparently expected us to rely upon bare allegations or predictions in briefs. In order to determine the status of pending federal court actions, this court was forced to procure the necessary information from federal court records. This created an additional delay. The Attorney General's failure to present pertinent facts and law made what had formerly been routine and ministerial, not routine and not ministerial.

Henceforth, in any capital case in which the State moves that an execution date be set, the Attorney General shall, at the time of filing such motion, file a signed statement under oath briefly outlining any activity which has taken place in any federal court, together with the date or dates thereof, and shall specifically state whether a stay of State proceedings has been issued or has been sought by any party and, if so, when such was requested or issued. If a stay has been issued, the Attorney General shall attach a true copy thereof to the motion; if no stay is in effect, the Attorney General shall attach a true copy of a certificate or letter issued by the federal courts involved, stating that no stay is in effect. Further, the Attorney General shall, within 5 days, supplement the statement under oath so as to reflect any subsequent ruling relating to the status of any federal court stay.

## CONCLUSION

There are no federal stays of execution in force and effect for Palmer. We therefore sustain the State's motion to set an execution date for Palmer. We therefore direct that the Clerk of this court, pursuant to the provisions of Neb. Rev. Stat. § 29-2545 (Reissue 1989), issue her warrant, under the seal of this court, to the warden of the Nebraska State Penitentiary directing the execution of the sentence of death imposed upon Palmer to be carried out on the 16th day of September 1994, between the hours of 12:01 a.m. and 11:59 p.m. on said day, in the manner provided by Neb. Rev. Stat. § 29-2532 (Reissue 1989).

MOTION SUSTAINED.