STATE OF NEBRASKA, APPELLEE, V. HAROLD LAMONT OTEY, APPELLANT.

518 N.W.2d 901

Filed July 8, 1994.   No. S-42204.

Shawn D. Renner, of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., ENDACOTT, D.J., and RONIN, D.J., Retired.

PER CURIAM.

The State of Nebraska, through its Attorney General, has moved this court to set an execution date for convicted prisoner Harold Lamont Otey. We sustain the State's motion, and direct the Clerk of this court to issue her warrant to the warden of the Nebraska State Penitentiary directing the execution of Otey on the 2d day of September 1994, in the manner provided by statute.

## STATEMENT OF CASE

Otey was convicted of first degree murder in the perpetration of a first degree sexual assault in the June 11, 1977, slaying of Jane McManus. In 1978, he was sentenced to death by the district court for Douglas County. Otey challenged his conviction and sentence in numerous state and federal proceedings, none of which has been ultimately successful on the merits.

In Otey's first state proceeding, a direct appeal, his conviction and sentence were affirmed by this court. See *State v. Otey*, 205 Neb. 90, 287 N.W.2d 36 (1979), *cert. denied* 446 U.S. 988, 100 S. Ct. 2974, 64 L. Ed. 2d 846 (1980).

Otey has twice been denied state postconviction relief by this court. See, *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991), *cert. denied* 501 U.S. 1201, 111 S. Ct. 2279, 115 L. Ed. 2d 965; *State v. Otey*, 212 Neb. 103, 321 N.W.2d 453 (1982), *cert. denied* 459 U.S. 1080, 103 S. Ct. 502, 74 L. Ed. 2d 641. In a third postconviction motion, Otey claimed that Nebraska's reasonable doubt instruction was invalid. That claim was overruled by the state district court and was on appeal to this court when it was dismissed by stipulation of the parties following the U.S. Supreme Court's ruling in *Victor v. Nebraska*, ____ U.S. ____, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994).

Otey also challenged the results of a 1991 commutation

hearing before the Nebraska Board of Pardons in which that board refused to commute Otey's death sentence to life imprisonment. See *Otey v. State*, 240 Neb. 813, 485 N.W.2d 153 (1992). This court reversed a district court order enjoining the enforcement of Otey's death sentence, and ordered Otey's petition dismissed.

Otey has also had numerous proceedings in the federal courts. He had twice been denied federal habeas corpus relief at the time the State's motion to set an execution date was filed. See, *Otey v. Grammer*, 859 F.2d 575 (8th Cir. 1988), *cert. denied* 497 U.S. 1031, 110 S. Ct. 3288, 111 L. Ed. 2d 796 (1990); *Otey v. Hopkins*, 951 F.2d 354 (8th Cir. 1991), *cert. denied* 502 U.S. 1041, 112 S. Ct. 894, 116 L. Ed. 2d 797 (1992), *aff'g denial of motion to vacate*, 992 F.2d 871 (8th Cir. 1993).

In a third petition for a federal writ of habeas corpus, case No. 4:CV92-3239, filed on July 7, 1992, Otey raised issues related to the constitutionality of his commutation hearing before the Nebraska Board of Pardons. On July 30, the U.S. District Court for the District of Nebraska granted Otey a stay of execution, which was subsequently vacated on December 31, when the district court entered judgment for the respondent on all issues. The U.S. Court of Appeals for the Eighth Circuit affirmed the denial of habeas corpus relief. See *Otey v. Hopkins*, 5 F.3d 1125 (8th Cir. 1993). Otey subsequently filed a petition for a writ of certiorari to the U.S. Supreme Court.

Following the vacation of Otey's stay of execution by the federal district court, the State, on January 4, 1993, moved this court to set an execution date because there were no state or federal stays of execution prohibiting the enforcement of the sentence of death ordered imposed upon Otey in June 1978. That motion was superseded by a similar motion of September 27, 1993, which is now before this court. Similar motions also were filed by the State in *State v. Joubert*, S-84-842, and *State v. Palmer*, S-84-733.

On January 27, 1994, this court ordered the parties in all three cases to submit simultaneous briefs on certain issues related to the State's motion. Oral argument was had on May 17, at which time Otey's petition for a writ of certiorari remained pending before the U.S. Supreme Court. The Court

denied certiorari on June 27, thus terminating Otey's federal proceedings. See *Otey v. Hopkins*, ____ U.S. ____, 114 S. Ct. 2768, 129 L. Ed. 2d 881 (1994).

## ANALYSIS

The issues briefed by the parties in response to the order of this court are (1) whether this court has jurisdiction to set an execution date for Otey, (2) whether this court may set an execution date while a federal stay of execution is in full force and effect, and (3) whether this court may set an execution date during the pendency of federal habeas corpus proceedings even though a federal stay of execution is not in force.

In *State v. Joubert, ante* p. 287, 518 N.W.2d 887 (1994), this court held that when a federal stay of execution is in full force and effect, this court does not have the authority to issue an execution warrant. Because Otey's federal proceedings have been terminated, the only issues before the court are whether Otey has a federal stay of execution in force and effect and whether the court has jurisdiction to set an execution date for Otey.

This court disposed of the issue of the court's jurisdiction to set an execution date in *Joubert, supra.* In that case, we held that the Nebraska Supreme Court has both the statutory jurisdiction and the inherent judicial power to set a new execution date upon the expiration of an earlier execution date, and to issue a warrant thereon. We adopt the rationale and holding of the court in *Joubert* and incorporate it by reference into this opinion.

To ensure that no federal stay of execution is presently in force for Otey, the Clerk of this court, at the direction of the court, made inquiry of the Clerk of the U.S. District Court for the District of Nebraska, the Clerk of the U.S. Court of Appeals for the Eighth Circuit, and the Clerk of the U.S. Supreme Court. Each of those courts has responded that there is no stay of execution in force and effect for Otey at this time. Copies of the responses from the three federal courts have been filed with the Clerk of this court.

There being no federal stay of execution in force and effect for Otey at the present time, there exists no legal impediment to

this court's setting an execution date for Otey.

We note that although the court on its own initiative determined the status of this prisoner as to any federal stays of execution, in the future this court will not assume the burden of obtaining such information. That duty will rest upon the Attorney General. See *State v. Palmer, ante* p. 305, 518 N.W.2d 899 (1994).

Henceforth, in any capital case in which the State moves that an execution date be set, the Attorney General shall, at the time of filing such motion, file a signed statement under oath briefly outlining any activity which has taken place in any federal court, together with date or dates thereof, and shall specifically state whether a stay of state proceedings has been issued or has been sought by any party and, if so, when such was requested or issued. If a stay has been issued, the Attorney General shall attach a true copy thereof to the motion; if no stay is in effect, the Attorney General shall attach a true copy of a certificate or letter issued by the federal courts involved, stating that no stay is in effect. Further, the Attorney General shall, within 5 days, supplement the statement under oath so as to reflect any subsequent ruling relating to the status of any federal court stay.

## CONCLUSION

There are no federal stays of execution in force and effect for Otey. We therefore sustain the State's motion to set an execution date for Otey. We therefore direct that the Clerk of this court, pursuant to the provisions of Neb. Rev. Stat. § 29-2545 (Reissue 1989), issue her warrant, under the seal of this court, to the warden of the Nebraska State Penitentiary directing that the execution of the sentence of death imposed upon Otey be carried out on the 2d day of September 1994, between the hours of 12:01 a.m. and 11:59 p.m. on said day, in the manner provided by Neb. Rev. Stat. § 29-2532 (Reissue 1989).

MOTION SUSTAINED.

HASTINGS, C.J., and WRIGHT, J., not participating.